Galloway *vs.* The Western and Atlantic Railroad Company.

---

Samuel H. Galloway, plaintiff in error, *vs.* The Western and Atlantic Railroad Company, defendant in error.

1. Under the act of 1870, the Western and Atlantic Railroad Company is only liable to be sued, as a corporation, for damages sustained on the line of its road.

2. Where an employee of a railroad company agrees to assume all risk incident to his employment, the fact that he was running over another railroad at the time of the injury, does not release him from such agreement. If, while running over such other road, he is in the employ of the former company so as to make it liable for the injury, his agreement remains binding.

3. It was not error in the court to charge that if the jury found that plaintiff executed the agreement offered in evidence, the effect of it was to waive all right to sue and recover for injuries sustained while in the employment of said road. Such charge is merely a statement of the legal effect of a written instrument.

Bleckley, Judge, concurring:

1. The employee of a railroad company is in fault when he knowingly exposses himself to extraordinary danger at night, by assisting to carry a train

Galloway *vs*. The Western and Atlantic Railroad Company.

over the unsafe track of another railroad. The corporation does not insure his safety against reckless locomotion which he assists to conduct, with knowledge that it lies outside of his regular employment, and that it is extra hazardous on account of the unfitness of the appointments. He cannot rightfully presume that the corporation has authorized, or will sanction, the order of any officer or agent who directs business to proceed, under circumstances which place both life and property in obvious and unusual peril.

2. The court, in construing the written contract, intimated no opinion forbidden by statute; and if errors of construction or other errors were committed, they were harmless, as the plaintiff barred himself from recovering by facts to which he himself testified.

JACKSON, Judge, concurring:

1. Although the contract of plaintiff to take all risks was, in its letter, confined to the road-bed of the Western and Atlantic Railroad, yet, when he voluntarily accompanied a train run by the company which employed him, on the track of another company, the spirit of his contract to assume all risks accompanied him there, and he cannot recover for injury by the company or his co-employees.

2. When the plaintiff receives and retains money from the company which employed him, on the faith of the statement by him that he did not mean to sue for damages, he is estopped from so suing.

Corporations. Railroads. Contracts. Charge of Court. Negligence. Estoppel. Before Judge HOPKINS. Fulton Superior Court. October Term, 1875.

Reported in the decision.

COLLIER & COLLIER; P. L. MYNATT, for plaintiff in error.

JULIUS L. BROWN, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendant to recover damages for injuries alleged to have been sustained by him as an employee of defendant, by reason of the negligent and unskilful conduct of the defendant's agent in running a certain train of defendant, conveyed by a steam locomotive, upon which the plaintiff was being conveyed in the

performance of his duty as such employee, and without fault on his part. To the plaintiff's action the defendant pleaded the general issue of not guilty, and a special contract of the plaintiff by which he agreed to assume all risks incident to his employment. The defendant also pleaded that the alleged injury complained of was not done upon its road but upon the Nickajack Railroad, and therefore the defendant was not liable therefor. The defendant also pleaded a settlement made with the plaintiff, in the nature of an accord and satisfaction, for the injury complained of. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the defendant. The plaintiff made a motion for a new trial on the several grounds therein set forth, which was overruled by the court, and the plaintiff excepted.

1. The plaintiff's action is brought against the Western and Atlantic Railroad Company, a corporation in said county of Fulton, alleging that *that corporation* has damaged him $5,000 00.

By the act of 1870, the Western and Atlantic Railroad is liable to be sued as a corporation in any county through which the road runs, for any cause of action to which it may become liable after the execution of the lease thereof. Although it is not alleged in what county through which the road runs, the injury complained of was done by the defendant to the plaintiff, it may be fairly inferred from the plaintiff's declaration, that he sues for an injury done to him by the defendant on its road, inasmuch as he alleges that the Western and Atlantic Railroad Company, a corporation of said county of Fulton, has damaged him $5,000 00. But be that as it may, the defendant, as a corporation, was not liable to be sued by the plaintiff for the cause of action for which he complains, unless the injury was done him by the defendant on its road in some one of the counties through which its road runs. The defendant is liable for injuries done to co-employees on its road by the negligent conduct of its agents, and that is the legal effect of the plaintiff's suit. It is true that the plaintiff does not allege, in express terms, in his declaration, that the in-

jury complained of was done on the defendant's road, but such is its legal effect, in view of the powers and liabilities of the Western and Atlantic Railroad Company as a corporation. The uncontradicted evidence in the record is, that the injury complained of was not done on the defendant's road, but on the Nickajack Railroad, a road over which the defendant had no control, so far as the evidence in the record shows.

2. The plaintiff sues the defendant, as a corporation, for damages for an injury done by it to him. The evidence is, that the injury complained of was done by another corporation having no connection with the defendant, and it is insisted by the plaintiff, that because the injury was done to him by that other corporation, that the instrument executed by him on the 14th of March, 1873, by which he agreed to assume all risks incident to his employment by the corporation of the Western and Atlantic Railroad, has no application, and constitutes no valid defense for the latter corporation. If the plaintiff is to be considered as having been injured on the road of the Nickajack corporation, for the purpose of avoiding his agreement with the Western and Atlantic corporation, on the ground that the former is a separate and distinct corporation, on what principle is it that the Western and Atlantic corporation is to be made liable for injuries sustained by the plaintiff on the road of the Nickajack corporation? It would seem that if the plaintiff was in the employ of the Western and Atlantic corporation when injured on the road of the Nickajack corporation, so as to make the Western and Atlantic corporation liable therefor, that his agreement with the latter corporation would be binding upon him; he cannot claim that he was injured on the road of the Nickajack corporation for the purpose of avoiding his agreement with the Western and Atlantic corporation, and at the same time seek to make the Western and Atlantic corporation liable for that injury. If the plaintiff was in the employ of the Western and Atlantic corporation at the time he was injured on the road of the Nickajack corporation, and the Western and Atlantic corporation is liable for that injury, then his agreement

with the latter corporation, which was in evidence at the trial, would be a bar to his recovery. If, however, the plaintiff was in the employ of the Western and Atlantic corporation when he was injured on the road of the Nickajack corporation, and he was there with the train of the Western and Atlantic corporation by its consent and authority, still the plaintiff would not be entitled to recover under the evidence in the record. The plaintiff himself states that he went on the train at night, knew that the road was unsafe and dangerous, and told the conductor so; therefore, it was his fault to go on the train at night and take the risk, when he knew the road was unsafe and dangerous.

3. There was no error in the charge of the court to the jury in relation to the written agreement of the plaintiff. The court only stated to the jury what was the legal effect of the written instrument as it was his duty to have done, instead of shirking his responsibility off upon the jury in that respect. The court left it to the jury to say whether the plaintiff executed the instrument in writing, offered in evidence, and if he did, told them what was the legal effect thereof. What has, or has not been proved, is one thing; the legal effect of a written instrument when offered in evidence, is quite another and different thing. In any view which we have been enabled to take of this case, the verdict of the jury was right and we will not disturb it.

Let the judgment of the court below be affirmed.

BLECKLEY and JACKSON, Judges, concurred as set forth in the head-notes.