JAMES R. PURDY, Respondent, *v.* THE ROME, WATERTOWN AND OGDENSBURGH RAILROAD COMPANY, Appellant.

Plaintiff, an employe of defendant, was injured while in the discharge of his duties, through the alleged negligence of defendant. In an action to recover damages, defendant gave in evidence a paper signed by plaintiff, by the terms of which, in consideration of his employment, he agreed that the company should in no case be liable for any damage to him by reason of its negligence. It appeared that plaintiff was at the time of the execution of the instrument and had been for some years prior thereto in defendant's employ. His original employment was a general one and for no particular time. He signed the release without compulsion, and continued thereafter in the same employment, and for the same compensation as before, no new employment was tendered to, or accepted by him, and there was no promise that the employment he was then engaged in should be continued, nor was its execution made a condition of continued employment, and no consideration was paid therefor. *Held*, the instrument was void for want of consideration.

As to whether if defendant had given some consideration for the paper it would have been valid as a release, *quære*.

Reported below, 52 Hun, 267.

(Argued December 9, 1890; decided January 13, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an

order made April '30, 1889, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

This was an action to recover damages for injuries received by plaintiff through the alleged negligence of defendant.

At the time the injuries were received plaintiff was in defendant's employ and was engaged in the performance of his duties. Defendant claimed among other things, that plaintiff had executed a release of the cause of action, and gave in evidence a paper signed by him which is set forth in the opinion, which also states the circumstances under which it was executed.

*Edmund B. Wynn* for appellant. The defendant was not guilty of any negligence in the case at bar. (*Burke* v. *Witherbee*, 98 N. Y. 562, 568 ; *Marsh* v. *Chickering*, 101 id. 396 ; *Cahill* v. *Hilton*, 106 id. 512 ; *Dobbins* v. *Brown*, 119 id. 189 ; *Bailey* v. *R., W. & O. R. R. Co.*, 49 Hun, 380.) The servant assumes the risk of injury from those dangers incident to the service in which he engages. (*C. & X. R. R. Co.* v. *Webb*, 12 Ohio St. 475 ; *Day* v. *T. C. S. & B. R. Co.*, 42 Mich. 523 ; 2 Am. & Eng. R. R. Cas. 126 ; *N. C. R. Co.* v. *Husson*, 13 Wkly. Notes, 361 ; 12 Am. & Eng. R. R. Cas. 241 ; *A. T. & S. F. R. Co.* v. *Plunkett*, 25 Kan. 188 ; 2 Am. & Eng. R. R. Cas. 127 ; *Hamilton* v. *D. M. V. R. Co.*, 36 Ia. 31 ; *Brown* v. *A. T. & S. F. R. Co.*, 31 Kan. 1 ; 15 Am. & Eng. R. R. Cas. 271 ; *Appel* v. *B., N. Y. & P. R. Co.*, 111 N. Y. 550 ; *Williams* v. *D., L. & W. R. R. Co.*, 116 id. 628.) The defendant cannot be held liable for any negligence of either the engineer or conductor backing the train, no evidence having been offered that they were not competent and careful servants. (*Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 521 ; *Flike* v. *B. & A. R. R. Co.*, 53 id. 549 ; *Fuller* v. *Jewett*, 80 id. 46, 52 ; *Crispin* v. *Babbitt*, 81 id. 516 ; *McCosker* v. *L. I. R. R. Co.*, 84 id. 77, 81, 82 ; *Slater* v. *Jewett*, 85 id. 61, 74 ; *Course* v. *N. Y., L. E. & W. R. R. Co.*, 17 N. Y. S. R. 715 ; 117 N. Y. 652.) Plaintiff cannot recover in this

action, because of the agreement or release voluntarily entered into by him with defendant, on the 19th day of August, 1881. (*Dorr* v. *N. J. S. N. Co.*, 11 N. Y. 485; *Wells* v. *N. Y. C. R. R. Co.*, 24 id. 181; *Perkins* v. *N. Y. C. R. R. Co.*, Id. 196; *Bissell* v. *N. Y. C. R. R. Co.*, 25 id. 442; *Stinson* v. *Paine*, 32 id. 333; *Poucher* v. *N. Y. C. R. R. Co.*, 49 id. 263; *Crayin* v. *N. Y. C. R. R. Co.*, 51 id. 64; *Magnin* v. *Dinsmore*, 56 id. 168; *Blair* v. *E. R. Co.*, 66 id. 313; *Mynard* v. *S., etc., R. R. Co.*, 71 id. 180; *Nicholas* v. *N. Y. C. & H. R. R. R. Co.*, 89 id. 370; *Ulrich* v. *N. Y. C. & H. R. R. R. Co.*, 108 id. 80; *Bates* v. *O. C. R. R. Co.*, 35 Am. & Eng. R. R. Cas. 355; *W. & A. R. R. Co.* v. *Bishop*, 50 Ga. 465; *W. & A. R. R. Co.* v. *Strong*, 52 id. 461; *Hendricks* v. *W. & A. R. R. Co.*, Id. 467; *Galloway* v. *W. & A. R. R. Co.*, 57 id. 512.)

*George S. Klock* for respondent. Negligence was shown on the part of the defendant, which caused the injury to the plaintiff. (*Payne* v. *T. & B. R. R. Co.*, 83 N. Y. 572; *Hart* v. *H. R. B. Co.*, 80 id. 622; S. & R. on Neg. 8, 9, 10, § 11; *Beers* v. *H. R. R. Co.*, 19 Conn. 566; *Kain* v. *Smith*, 89 N. Y. 375; *Swords* v. *Edgar*, 59 id. 28; *Stackus* v. *N. Y. C & H. R. R. Co.*, 79 id. 464; *Ellis* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 546; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, Id. 562; *Near* v. *D. & H. C. Co.*, 7 J. & S. 558; 98 N. Y. 663; *Caldwell* v. *N. Y. S. Co.*, 47 id. 291; *Edgerton* v. *N. Y. & H. R. R. Co.*, 39 id. 227; *Curtiss* v. *R. & S. R. R. Co.*, 18 id. 534; *Canfield* v. *B. & O. R. R. Co.*, 93 id. 535; *Wright* v. *N. Y. C. R. R. Co.*, 25 id. 562; *Mullen* v. *P. & S. M. S. Co.*, 21 Am. Rep. 2; *Greenleaf* v. *I. C. R. R. Co.*, 4 id. 181, 191, 192.) The evidence in this case establishes that the defendant failed in a duty it owed the plaintiff to provide suitable structures, having in view the safety and protection of its employe, while he was engaged in the discharge of his duty. (*Laning* v. *N. Y. C. & H. R. R. R. Co.*, 49 N. Y. 521; *Flike* v. *B. & A. R. R. Co.*, 53 id. 549; *Booth* v. *B. & A. R. R. Co.*, 73 id. 38, 40; *Nehan* v.

*S., B. & N. Y. R. R. Co.*, Id. 585; *Ryan* v. *Fowler*, 24 id. 410, 414; *Corcoran* v. *Holbrook*, 59 id. 517; *Cone* v. *D., L. & W. R. R. Co.*, 81 id. 206; *Ellis* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 546; *Kain* v. *Smith*, 89 id. 375; *Fuller* v. *Jewett*, 80 id. 46; *Gottlieb* v. *N. Y., L. E. & W. R. R. Co.*, 100 id. 462; *Pantzar* v. *T. F. I. M. Co.*, 99 id. 368; *Benzing* v. *Steinway*, 101 id. 547; *Jones* v. *N. Y. C. & H. R. R. R. Co.*, 3 J. & S. 364; 92 N. Y. 628; *Near* v. *D. & H. C. Co.*, 7 J. & S. 557; *Fredenburg* v. *N. C. R. Co.*, 114 N. Y. 582; *Goodrich* v. *N. Y. C. & H. R. R. R. Co.*, 116 id. 398; *Connoly* v. *Poillon*, 41 Barb. 366, 369; 41 N. Y. 619; *Noyes* v. *Smith*, 28 Vt. 59; 24 N. Y. 414; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 464; *Lilly* v. *N. Y. C. & H. R. R. R. Co.*, 107 id. 566.) The release was not a bar to the plaintiff's right of action to recover damages for personal injuries sustained by him through the negligence of the defendant. (*R. R. Co.* v. *Spangle*, 44 Ohio, 471; *O'Neil* v. *L. S. I. Co.*, 30 N. W. Rep. 688; *Harper* v. *A. M. Ins. Co.*, 17 N. Y. 194; *Benedict* v. *O. Ins. Co.*, 31 id. 389; *Barhydt* v. *Ellis*, 45 id. 107; *Salisbury* v. *Howe*, 87 id. 128; *Trustees, etc.*, v. *Kirk*, 68 id. 459; *Ormes* v. *Dauchy*, 82 id. 443; *Winchell* v. *Hicks*, 18 id. 558; *McCall* v. *S. M. Ins. Co.*, 66 id. 505; *Slade* v. *McMullen*, 45 How. Pr. 52.)

Peckham, J. After a careful consideration of all the evidence in this case, we are brought to the conclusion that there was sufficient to go to the jury upon the two questions of the negligence of the defendant and the freedom of the plaintiff from any contributory negligence.

There is one other point made by the defendant which arises upon the so-called release put in evidence by it, and in which the plaintiff agrees and covenants that the company shall in no case be liable for any damage to the person or property of the plaintiff by reason of its own negligence or that of its agents or servants.

The plaintiff had been in the employment of the defendant for a number of years prior to the execution of the paper. At

that particular time he was engaged in performing the duties of a baggageman on a passenger train. It does not appear that he was, when first employed, engaged for any particular time, nor for any particular service. It was a general employment, and he was subject to the orders of the company. He was working for it as a baggageman in 1879, and continued as such up to and after the execution of the paper in August, 1881. The assistant superintendent of the defendant (who was the man that procured the execution of the paper) said "there was no compulsion about signing the contract, nor any new consideration for it. He simply signed the contract, and the defendant kept on employing the plaintiff as a baggageman." In other words, continued the already existing employment. The plaintiff says he went up to the office of the superintendent in Watertown and left his train in the depot waiting for his return. He was gone but a few moments, and went to the office in obedience to a letter he had received, and when he went into the office he said to the assistant superintendent: "I came up to sign that paper." The plaintiff says he did not read it, but signed it at once and went back to his train. The paper reads as follows:

"WHEREAS, The Rome, Watertown & Ogdensburg Railroad Company have employed J. R. Purdy in the capacity of general servant at a stipulated rate for his services;

"Now, therefore, in consideration of such employment and the compensation agreed to be paid therefor, the said J. R. Purdy hereby covenants and agrees that in no case shall the said railroad company be liable to the said J. R. Purdy for any damage or injury to the person or property of the said J. R. Purdy by reason of the negligence of the said railroad company, its agents, servants or employes, and that the said J. R. Purdy accepts such employment with full knowledge and notice of all the risks involved therein."

Upon this evidence, we think, that there was no consideration for the execution of the paper by the plaintiff. He was already in the defendant's employment; no new employment

was tendered to or accepted by him, and there was no promise that the employment he was already engaged in should continue after the execution of the paper for one moment of time, nor was its execution made a condition of the continued employment of the plaintiff. It constituted a simple gratuity on the part of the plaintiff to the defendant, relieving it from a liability or responsibility which then existed in favor of plaintiff, and in obtaining which the defendant surrendered and promised nothing. The plaintiff was in precisely the same position he was prior to its execution, excepting he had given up to the defendant all claim upon it which he otherwise might have by law, and he had received not one particle of consideration for such surrender of his legal rights.

We think the paper was void for lack of consideration.

In thus deciding we do not intimate that if the defendant had given some kind of a consideration for the paper, it would have been valid.

It might even then be urged that public policy forbids the exaction of such a contract from its employes by railroad and other corporations, and upon that question we desire to express no opinion at the present time.

The judgment is right and should be affirmed, with costs.

All concur, except GRAY, J., not voting.

Judgment affirmed.