SHORTEL, *Appellant*, v. THE CITY OF ST. JOSEPH.

DIVISION ONE.

1. **Master and Servant**: SUPERIOR KNOWLEDGE OF MASTER. Master and servant do not stand upon an equal footing, even when they have equal knowledge of danger. The position of the servant is one of subordination and obedience to the master, and he has the right to rely upon the superior knowledge and skill of the master and is not entirely free to act upon his own suspicions of danger.

2. ——— : ———: NEGLIGENCE OF SERVANT. If the master orders the servant into a place of danger and the servant is injured, he is not guilty of contributory negligence, unless the danger is so glaring that a reasonably prudent person would not have entered into it.

3.  —— : —— : ——.  If a servant obeys the master's order to go into a place that is so obviously dangerous that a prudent person, though acting in his capacity, would not obey it, he will be guilty of contributory negligence which will defeat a recovery for an injury resulting therefrom.

4.  **Practice** : INSTRUCTIONS.  Instructions which taken as a whole properly present the law of the case to the jury are not objectionable.

5.  —— : —— : CLERICAL ERROR.  Clerical errors in an instruction, which are readily discovered upon a reading of it, will not constitute reversible error.

*Appeal from Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

AFFIRMED.

*B. R. Vineyard* for appellant.

(1) The city engineer was defendant's vice-principal and plaintiff was entitled to recover.  *Gormly v. Iron Works*, 61 Mo. 492 ; *Whalen v. Church*, 62 Mo. 326 ; *Cook v. Railroad*, 63 Mo. 397 ; *Stephens v. Railroad*, 86 Mo. 229.  (2) The servant is not chargeable with contributory negligence if he go into a place of danger under the direction of the master, especially when he has the assurance of the master that it is safe for him to do so.  *Keegan v. Kavanaugh*, 62 Mo. 232 ; *Flynn v. Railroad*, 78 Mo. 205 ; *Stephens v. Railroad*, 96 Mo. 212.  And this is so though the servant himself have good reason to apprehend the danger, and believed it unsafe to obey the master.  *McGowan v. Railroad*, 61 Mo. 532 ; *Rowland v. Railroad*, 20 Mo. App. 463.  In the language of this court, such assurance "amounts to a guaranty of safety, and the master will be liable for any injury then resulting," where the servant acts with reasonable care in executing the master's orders.  *McGowan v. Railroad*, 61 Mo. 532 ; *Aldridge v. Railroad*, 78 Mo. 565 ; *Malone v. Morton*, 84 Mo. 436.  (3) The court erred in giving defendant's first, second

and third instructions. After plaintiff had been ordered by defendant's vice-principal to remove the centers supporting the arch, and been assured that it was safe, plaintiff had a right to rely on the assurance, without first investigating the strength of the arch or the set of the cement therein. *Stephens v. Railroad*, 96 Mo. 212; *Malone v. Morton*, 84 Mo. 436. (4) The court erred in giving the defendant's first instruction without confining the element of contributory negligence, which would prevent a recovery, to a want of such ordinary care as should be exercised by those possessing no more skill than the evidence tended to show the plaintiff had. *Dowling v. Allen*, 74 Mo. 13; *Malone v. Morton*, 84 Mo. 436; *Reber v. Tower*, 11 Mo. App. 199; *Porter v. Railroad*, 71 Mo. 66, 79. (5) The first and also the second instructions of the defendant are furthermore faulty in not confining the danger, concerning which the failure to exercise ordinary care would have prevented plaintiff from recovering, to that danger which was patent. *Stoddard v. Railroad*, 65 Mo. 521; *Conroy v. Works*, 62 Mo. 37; *Keegan v. Kavanaugh*, 62 Mo. 232; *Gibson v. Railroad*, 46 Mo. 169; *Porter v. Railroad*, 71 Mo. 66. (6) This case must be reversed on account of the error in defendant's first instruction, resulting from a confusion of terms in referring to the parties. The instruction refers to "plaintiff's alleged negligence and carelessness contributing to the injury of defendant." There is nothing in the record to justify the court in calling the attention of the jury to any "injury of the defendant." (7) Appellant was entitled to correct declarations of law on the subject of contributory negligence in the instructions given on both sides. The jury may have followed the erroneous or imperfect standard set up in one purporting to cover the whole case, rather than the correct and perfect standard set up in the other. *Thomas v. Babb*, 45 Mo. 384; *Ellison v. Weathers*, 78 Mo. 126; *Sullivan v. Railroad*, 88 Mo. 182; *State v. Herrell*, 97 Mo. 105; *Billups v. Daggs*,

38 Mo. App. 367; *Nasse v. Algermissen*, 25 Mo. App. 189.

*M. A. Reed* for respondent.

(1) If the plaintiff knew of the existence of the danger, or it was so obvious and patent that an ordinarily observant person in the exercise of ordinary care and caution could have seen it, and not have exposed himself, then the plaintiff cannot recover. *Aldridge's Adm'r v. Furnace Co.*, 78 Mo. 564; *Nolan v. Shickle*, 69 Mo. 340; *Stephens v. Railroad*, 96 Mo. 212; *Keegan v. Kavanaugh*, 62 Mo. 232; *Huhn v. Railroad*, 92 Mo. 440; Wood's Master & Servant, secs. 335, 336. Even in those cases, when assurances of safety are given by defendant to allay suspicions of danger, and the question is whether the danger was so great as to be obvious and apparent, the question of contributory negligence is for the jury. 62 Mo. 230; Wood's Master & Servant, sec. 343. But the plaintiff recognizes the ground-work of our defense and that it was a proper question for the jury, when he appended the following words to the last of his first instruction: "Unless the danger was so glaring as to be apparent to the mind of an unskilled man." Every phase of the case then was properly submitted to the jury. (2) A servant or agent has the right to refuse to expose himself to peril, though ordered by his employer so to do, and such refusal does not give his employer the legal right to discharge him. Wood's Master & Servant, sec. 116. (3) Appellant's sixth point urges as an objection to defendant's first and second instructions that they did not qualify and characterize the danger threatening plaintiff as "obviously dangerous," or "patent," or "glaring." But even if this was an omission it was covered by defendant's third instruction, where these terms are used, and it is also on the last end of plaintiff's first instruction. Where the instructions, taken as a whole, present the case fairly to the

jury, the giving of an instruction which omits a material fact is not necessarily fatal, and where there does not appear to be any dispute as to that fact, and where it is apparent that the appellant could not have been thereby prejudiced. *Stone Co. v. Sinclair*, 10 Mo. App. 593. The instructions of the court must all be taken together. They constitute the entire charge of the court, and if defects or omissions in one instruction are supplied in another, and are consistent and not misleading, no complaint can be made. *Whalen v. Railroad*, 60 Mo. 327 ; *Noble v. Blount*, 77 Mo. 235 ; *Karl v. Railroad*, 55 Mo. 476. ( 4 ) Appellant's sixth point hardly needs an answer. The precise point has been passed upon. *Bank v. Goldsold*, 8 Mo. App. 596.

BLACK, J.—The plaintiff brought this suit to recover damages for personal injuries received while engaged in repairing a sewer. The work was done by the city engineer, who procured the material, employed the men, and superintended the work by authority of a city ordinance.

The petition alleges that after a section of the sewer had been arched over the engineer directed plaintiff and one Murray to go under the arch and remove the supports ; that the engineer assured the plaintiff and Murray that it was safe to do so ; that, relying upon the assurance, they proceeded to carry out the order, and while thus engaged the arch fell in on the plaintiff ; and that the injury to plaintiff was caused by the negligence of the engineer in causing the supports to be removed before the cement used in the walls had hardened.

The answer was a general denial and contributory negligence on the part of the defendant.

According to the bill of exceptions the plaintiff introduced evidence tending to prove all of the allegations of the petition, that he was a day laborer not skilled in the work, was not aware of the danger, and that none but a skilled person would, by the use of

ordinary care, have foreseen the danger.   And defendant offered evidence tending to show that the danger was so obvious and apparent that any person, skilled or unskilled, could, by the exercise of ordinary care, have foreseen and avoided the danger, and that plaintiff was warned of the danger attending the undertaking.

The court, at the request of the plaintiff, instructed the jury, that if they believed the engineer, "after the completion of a section of the said sewer, directed the defendant and others to remove the supports under said section, and assured them that it was perfectly safe to do so, when in point of fact it was not safe, and that the plaintiff was unskilled in the matter of safety or unsafety thereof, then the defendant is liable for any injury resulting to plaintiff therefrom, even though the plaintiff, or others in his presence, might have entertained or expressed the opinion that the removal of said supports was unsafe, if the plaintiff, in assisting in such removal, acted upon said assurance of said engineer, unless the danger was so glaring as to be apparent to the mind of an unskilled man."

The court, at the request of the defendant, gave these instructions : "2. Although the engineer ordered plaintiff and Murray to remove the centers, and the removal of them was dangerous and unsafe, yet if, before plaintiff proceeded to remove the same, hecould, by the exercise of ordinary care and observation, under all the circumstances, have ascertained the danger attending such removal, then the plaintiff cannot recover.

"3.   Although the plaintiff was ordered to remove the centers under the arch of the sewer, yet if the removal of such centers at the time and under the circumstances detailed in evidence was such an obviously dangerous and unsafe proceeding that a person of ordinary and common prudence, under all the circumstances, would have refused to remove the same, then it was the duty of plaintiff to have disobeyed such order of

defendant's engineer, and he cannot recover in this case."

The proposition that the engineer was the agent and vice-principal of the defendant corporation is not controverted, and, from the evidence and instructions, it appears to have been conceded on the trial that it was unsafe and dangerous to remove the centers at the time they were removed, and that the plaintiff attempted to remove the centers by the order and direction of the engineer. The real question, therefore, is as to what care, if any, the defendant should have exercised when thus acting under the order of the defendant, for the engineer represented the defendant.

The master and servant do not stand upon an equal footing, even when they have equal knowledge of the danger. The position of the servant is one of subordination and obedience to the master, and he has the right to rely upon the superior knowledge and skill of the master. The servant is not entirely free to act upon his own suspicions of danger.

If, therefore, the master orders the servant into a place of danger, and the servant is injured, he is not guilty of contributory negligence, unless the danger was so glaring that a reasonably prudent person would not have entered into it. *Keegan v. Kavanaugh*, 62 Mo. 230; *Stephens v. Railroad*, 96 Mo. 209. But these cases show that, though the servant is ordered into a place of danger, still, if the danger is so obvious that a prudent person, though acting in the capacity of a servant, would not obey the order, then he will be guilty of contributory negligence which will defeat a recovery.

Now the defendant's third instruction conforms to the principles of law just stated, so there is no valid objection to it. Indeed, the plaintiff submitted the case to the jury on the same theory, for his instructions conceded that he could not recover if "the danger was so

glaring as to be apparent to the mind of an unskilled man."

The defendant's second instruction does not, it is true, in so many words, contain the proposition that to defeat a recovery the danger must have been so glaring as to be apparent to the mind of an unskilled person ; but it does submit to the jury the question whether defendant was wanting in "ordinary care and observation under all the circumstances." This instruction must be considered in connection with the others given at the request of plaintiff and at the request of the defendant, which are more specific and point out the circumstances under which the plaintiff could not recover. The instructions taken as a whole are not objectionable.

The defendant's first instruction uses in one place the word plaintiff when it should be defendant, and in another place the word defendant when it should be plaintiff ; still these are mere clerical errors readily discovered upon reading the instructions and constitute no ground whatever for a reversal.

Some other objections are made to the instructions, but they are equally unsubstantial. The judgment is affirmed. The other judges concur.