RUNT v. HERRING et al.

(Common Pleas of New York City and County, General Term.    December 5, 1892.)·

1. MASTER'S LIABILITY FOR NEGLIGENCE—RELEASE BY SERVANT—VALIDITY.
    An instrument, executed by a servant, agreeing, in consideration of employment and one dollar, not to hold the master liable for any injury, whether resulting from the master's negligence or otherwise, or to make any claim for damages, or institute or appear as a witness in any suit, or authorize any one else to do so, though based probably on sufficient consideration, is void on grounds of public policy, and is not admissible in an action by the servant for injuries for any purpose.    Purdy v. Railroad Co., 26 N. E. Rep. 255, 125 N. Y. 209, distinguished.

2. SAME—ADMISSION OF EVIDENCE—PREJUDICIAL ERROR.

　　A claim that the admission in evidence of such an instrument was not prejudicial, because the court, by not mentioning the instrument in the general charge. and refusing also to charge that no recovery could be had on account of it. had not submitted any question relative thereto, cannot be sustained where the instrument was allowed to remain in evidence. and the jury were left without any instructions telling them that they were not to consider it.

Appeal from trial term.

Action by Balthasar Runt against Frank O. Herring and others to recover for personal injuries arising from defendants' negligence. Judgment for defendants. Plaintiff appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Leopold Leo, for appellant.

Charles Ruston, (J. A. Shoudy, of counsel,) for respondents.

PRYOR, J. The case is before us on a single exception, and with only so much of the evidence as is requisite to show the point and pertinency of that exception. On the 19th of January, 1885, the plaintiff, being in the service of the defendants, but for no definite time, signed the following paper:

　　"For and in consideration of employment. and one dollar in hand paid to me by Herring & Co., I hereby agree that, in the event of my receiving any personal injury, accidental or otherwise whether from the fault of other employes or machinery, belting, boilers, engines, trucks, defects of buildings, or from any other cause whatever, I will not hold Herring & Co. or any member of said firm responsible, or make any claim for money damages, or institute or appear as a witness in any suit or proceedings. Neither will I countenance or authorize any other person to sue or appear and give testimony in any suit claiming damages for injuries received as above stated.　　　　B. Runt."

Thereafter, upon an allegation that on the 20th of November, 1888, he had sustained an injury by the negligent omission of the defendants to provide him a safe working place, the plaintiff sued them in an action for damages; and, besides denying the imputed negligence, and attributing contributory negligence to the plaintiff, the defendants pleaded the above paper in bar of the action. On the trial, and as special matter of defense, the defendants offered the paper in evidence. The plaintiff objected to its introduction on the grounds that it was irrelevant, immaterial, and incompetent, and a void instrument, because without consideration, and contrary to public policy. Nevertheless the court admitted it in evidence, and it was marked "Defendant's Exhibit No. 1," to which ruling the plaintiff duly excepted. The reception of this paper as evidence in the cause is the error, and the only error, of which the plaintiff complains.

The recital of the employment and the dollar paid distinguishes the case from Purdy v. Railroad Co., 125 N. Y. 209, 26 N. E. Rep. 255, and probably discloses a sufficient consideration to sustain the agreement. Nevertheless we are of opinion that the paper was a nullity; and, if so, it was irrelevant and immaterial, because ineffectual as a defense to the action. The action proceeds upon an allegation of the defendant's own negligence, since the careless omission of the master to provide a safe working place for the servant is the breach of a duty incumbent upon him, and from the obligation of which he cannot escape

by delegation to an agent. Whether a servant may by contract exonerate the master from liability for an injury inflicted by his own negligence is quaestio vexata in the jurisprudence of England and this country. The following cases support the affirmative of the proposition: Griffiths v. Earl of Dudley, 9 Q. B. Div. 357; Railroad Co. v. Bishop, 50 Ga. 465; Railroad Co. v. Strong, 52 Ga. 461; Galloway v. Railroad Co., 57 Ga. 512. The great weight of American authority, however, is distinctly to the contrary. Roesner's Adm'r v. Hermann, 8 Fed. Rep. 782; Perry v. Railroad Co., 44 Ark. 383; Railroad Co. v. Peavey, 29 Kan. 169; Railroad Co. v. Jones, 2 Head, 517; Railroad Co. v. Spangler, 44 Ohio St. 471, 8 N. E. Rep. 467; Willis v. Railroad Co., 62 Me. 488; Greenh. Pub. Pol. 528; Purdy v. Railroad Co., 125 N. Y. 209, 214, 26 N. E. Rep. 255, obiter dictum by Peckham, J. However this may be, still the agreement under criticism is void upon grounds of public policy. For an entire and indivisible consideration the plaintiff stipulates "not to institute or appear as a witness in any suit or proceeding," nor to "countenance or authorize any person to sue or appear and give testimony in any suit claiming damages for injuries." It is familiar learning that the courts will not tolerate an agreement to oust them of jurisdiction, and "a contract to prevent the performance of a duty imposed by law, and in the performance of which the state has an interest, is in contravention of public policy, and therefore void." James v. Hendree, 34 Ala. 488. No duty upon a citizen can be more obligatory, or of greater interest to the state, than to be obedient to the process of the courts, and instrumental, as a witness, in the administration of justice. "It is an established general principle that contracts having for their subject-matter any interference with the due enforcement of the laws are against public policy, and are therefore void. The law guards with jealousy every avenue to its courts of justice, and strikes down everything in the shape of a contract which may afford a temptation to interfere with its due administration." Bowman v. Phillips, (Kan.) 21 Pac. Rep. 230, 13 Amer. St. Rep. 297, note; Ormerod v. Dearman, 100 Pa. St. 561. It is insisted, however, that here the stipulation of the plaintiff to forego his claim against the defendants may be valid and operative, although his engagement not to sue or give testimony in the courts be illegal and ineffectual. The contention is untenable. "If any part of a consideration is illegal, the whole contract is void as against public policy, even though the illegal act or promise is coupled with one that is legal," (McNamara v. Gargett, 68 Mich. 454, 36 N. W. Rep. 218;) for illegal contracts cannot be divided, and held valid in part and invalid in other parts, (Lumber Co. v. Hayes, 76 Cal. 387, 18 Pac. Rep. 391.)

The respondents urge, however, that, "whether its provisions were binding or not, the contract was certainly admissible in evidence as the agreement under which plaintiff's services were rendered." But surely the argument is fallacious in assuming that a thing which in law is no agreement may still be an agreement between the parties, with the effect of controlling their rights and remedies. A nullity is inoperative for any and all purposes, and when an apparent contract is avoided for re-

pugnancy to public policy, it may not, without absurd inconsistency, be employed as an instrument of legal evidence.

Assuming that the admission of the paper was error, respondents contend that it was of no prejudice to the plaintiff, because "no question in respect thereto was submitted to the jury," and because "the court refused to submit it to the jury, or to give it any effect whatever." We do not so read the record. Against plaintiff's objection, the court received the paper in evidence. That ruling imports that it was read to the jury, and by them considered, and this presumption is repelled by nothing in the case. It is of no avail to the respondents that reference was not made to the paper in the general charge by the court, nor that the court refused to charge that, because of the paper, the plaintiff could not recover. The paper was not withdrawn from evidence, nor did the court instruct the jury to exclude it from consideration, or tell them that it was not a defense to plaintiff's recovery. The mere fact that the court refused to rule it to be a peremptory bar to the action still left the jury free to attach the utmost importance to it as evidence against the plaintiff; and, doubtless, this effect it had on their decision, for, privileged by the court to weigh the paper as evidence, they naturally held the plaintiff to a deliberate agreement, in consideration of his employment, to release the defendants from liability to him for any injury in that employment.

Again, the respondents argue that the error in the admission of the paper was of no detriment to the appellant, because "the case does not contain a particle of evidence tending to show that the plaintiff had any cause of action whatever against the defendants." But the submission of the case to the jury itself imports an apparent right of recovery on the evidence; and, indeed, in its charge, the court expressly instructed the jury that the plaintiff's evidence, if believed, and not overborne, authorized a verdict in his behalf for the cause of action exhibited by the complaint. The conclusion is that for the error indicated the judgment should be reversed. Judgment reversed, and a new trial ordered; costs to abide the event. All concur.