Minshall, J.
It is well settled in the law governing the relation of master and servant, that the latter on entering the employment of the master assumes all risks incident to the employment ; in other words, as is sometimes said, the master is not an insurer of the safety of his servant. By this, however, is meant no more than that, the servant assumes all risks incident to the employment, that may happen in the ordinarily careful conduct of the business on the part of the master —injuries that result from the culpable negligence of the master are not assumed, and he may recover therefor, unless his own fault contributed to the accident. It therefore follows that the servant can have no relief against his master for injuries resulting from known and obvious dangers, avoidable by ordinary care, however culpable the master may be in the matter. All such injuries, together with such as happen where there is no fault on the part of the master, are, in the ordinary language of the law, assumed by the servant.
To this general statement of the law, applicable to the great majority of cases, there is what may be termed an exception, adapting it to a state of case that does sometimes, but not always, arise. Thus if the master or his representative has superior knowledge of a. given situation, and he assures the servant that he can safely undertake a given work, such assurance may justify the servant in undertaking the work, in reliance upon the superior knowledge of the master, without being liable to the charge of negligence in so doing, unless the danger is so imminent or manifest as to prevent a reasonably prudent man from risking it; and, for a much stronger reason, this is so, where the master, or one placed in authority over the servant, orders him into an apparently un *308 safe place, or to do apparently dangerous work. In Shortel v. City of St. Joseph, 104 Mo., 114, it is said: “Master and servant do not stand upon an equal footing even when they have equal knowledge of the danger. The- position of the servant is one of subordination and obedience to the master, and he has the right to rely upon the superior skill of the master, and is not entirely free to act upon his own suspicions of danger. If a servant is ordered into a place of danger, obeys and is injured, he will not be held to be guilty of contributory negligence, unless the danger is so glaring that a reasonably prudent person would not have entered into it.” In this case an employe of the city was directed by the city engineer to go into a trench excavated by the city and remove some supports to an arch, which being done, the arch fell and injured him. He was assured by the engineer that it was safe to do the work. The City of Lebanon v. McCoy, 12 Ind. App., 500 is a similar case," and in both a recovery was allowed the servant. In the latter case it is said: “When directed to do the act in the performance of which he was injured, he had a right to assume that the street commissioner, with- his superior knowledge of the facts, would not expose him to unnecessary peril.” In Patterson v. Railroad Co., 76 Pa. St., 391, 393, a like doctrine is expressed by Gordon, J., in this language: “The servant does not stand on the same footing with his master. His primary duty is obedience, and if, when in the discharge of that duty, he is damaged, through the neglect of the master, it is but meet that he should be recompensed.” And in Greenleaf v. Railroad Co., 29 Iowa, at p. 47, it is said: “Though decedent knew of the defective car, if he acted under instructions and directions of a superior, the action would by no means thereby be defeated. Under such circum *309 stances, compelled as he necessarily would be to act with promptness and dispatch, it would be most unreasonable to demand of him the thought, care and scrutiny which might be exacted where there is more time for observation and deliberation.” See also, Railroad Co. v. Snyder, 55 Ohio St., 343. In Keegan v. Kavanaugh, 62 Mo., 230, it is said: “The law remembers that the respective situations of the master and servant are unequal, and excuses the servant for deferring to the superior judgment of the master. ' If, therefore, the master orders the servant into a situation of danger, and he obeys, and is thereby injured, the laws will not deny him a remedy against the master on the ground of contributory negligence, unless the danger was so glaring that no prudent man would have entered into it, even when, like the servant, he was not free to choose.”
The clear result of the best considered cases is, that where an order is given a servant by his superior to do something within his employment, apparently dangerous, and, in obeying, is injured from the culpable fault of the master, he may recover, unless obedience to the order involved such obvious danger, that no man of ordinary prudence would have obeyed it; and this is a question of fact for the jury to determine under proper instructions, and not of law for the court. Berea Stone Co. v. Kraft, 31 Ohio St., 287; Railway Co. v. Krouse, 30 Ohio St., 222; Coombs v. Cordage Co., 102 Mass., 572; Burgess v. Ore Company, 165 Mass, 71; Shortel v. City of St. Joseph, 104 Mo., 114; Illinois Steel Co. v. Schymanowski, 162 Ill., 447; McKee v. Tourtellotte, 167 Mass., 69; Patterson v. Railroad Co., 76 Penn. St., 389; Railway Co. v. Bayfield, 37 Mich., 205; Schlacker v. Mining Co., 89 Mich, 253; Anderson Pressed Brick Co. v. Sobkowiak, 148 Ill., 573; Kain v. Smith, 89 N. Y., 375. *310 In Northern Pacific Railroad v. Egeland, 163 U. S., 93, the plaintiff below was a common laborer in the employ of the company. When returning from his work on a train the conductor ordered him and others to jump off at a station -when the train was moving about four miles an hour. The platform was about a foot lower than the car step. His fellow7 laborers jumped and landed safely. He jumped and was seriously injured. Held, that the court below7 rightly left it to the jury to determine wrhether he was guilty of contributory negligence. In commenting on the circumstance of the case, Peckham, J., said: “The plaintiff wuuld naturally, therefore, be induced to obey the order of such superior, particularly if they were not of an obviously dangerous character.”
There is much reason in the rule that allows a favorable construction to be placed on the act of the servant done in obedience to the order of his superior, though involving danger. Obedience to orders given by a master becomes a habit wdth the servant. He obeys without much questioning the prudence of the order. It is expected that he will do so, and without such obedience the business of the master could not be successfully conducted. It is then both reasonable and proper that the master should be held to a reasonable responsibility for w7hat he orders his servants to do; and the conduct of a servant in obeying an order, under such circumstances, should not be too closely criticised by courts in administering the law. Whilst the law will not excuse the servant, w7here the thing ordered is plainly and manifestly perilous, it will do so w7here a man of ordinary prudence and care would, under the circumstances, have obeyed the order, although involving danger. A servant has the right, and is expected, to rely somewhat on the superior knowledge and skill of one placed in authority over *311 Mm. So that, in this case, whether Schelies was, under the circumstances, guilty of contributory negligence, was a question of fact for the jury under proper instructions from the court; At the time the injury occurred he was in the employ of the defendant as a “vise-hand,” and had been called by the foreman to assist in the adjustment of a portable gasoline engine with pump and circular saw attached. The saw was in motion at the time and not properly protected; and he was ordered to adjust the shafting of the pump, which was close and next to the saw. He suggested that it was not safe to do so without stopping the saw. The foreman peremptorily renewed the order; he obeyed, his clothing was caught by the saw and he was seriously injured. It was in evidence, that he had been called a short time before to assist the foreman in the same way, and had done so without injury. The defendant asked the court to instruct the jury that: “If the master or one standing in the place of the master, as the foreman in this case, orders a servant to expose himself to a danger known and appreciated by the servant, and in executing such order the servant is injured, he cannot recover unless he shows that he was injured solely in consequence of such danger, and without fault or negligence on his part.”
This was refused, and the court instead instructed the jury: “That if the plaintiff was expressly ordered by the foreman to do the work that he undertook to do, the fact that it was dangerous would not preclude the plaintiff from recovery unless the danger was so obvious, and injury thereby was so inevitable, that a man of ordinary prudence would not obey if he was ordered by his employer to do it.” The case then was given to the jury under proper instructions as has been shown, and the instruction asked by the defendant was properly refused.
*312 Counsel contend that the case should be- ruled by Coal Car Co. v. Norman, 49 Ohio St., 598. This we think is a mistake. It belongs to a different class of-cases. Tt turned on a question of pleading. He averred. that the injury to him occurred Avithout fault on. his part. It was held that this did not dispense with an averment required in that class of cases, that he was Avithout knowledge of the dangerous character of the place in which he received his injury; or, having such knoAvledge, had complained of it to his master. For if he had such knoAvledge and failed to inform his master, he assumed the risk by continuing in his service Avithout doing so.

Affirmed.