ROBERT C. DICKENSON, ADMINISTRATOR (JOHN GILLI-GAN, ADMINISTRATOR, SUBSTITUTED PLAINTIFF), vs. RICHARD R. VERNON.

First Judicial District, Hartford, January Term, 1905.

TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

An employee who knowingly exposes himself to obvious danger assumes the risk of personal injury arising therefrom.

Nor does the employer become liable—the danger being obvious to the employee—merely because the latter was requested or directed by his superintendent to lend a hand temporarily in a matter which

was outside the duties of his original employment, and feared to refuse lest he might be discharged.

In the present case the plaintiff's intestate, an unskilled laborer in a paper mill, was called by the superintendent to assist him about some work in connection with one of the paper machines, and while so engaged his arm was caught and crushed between two revolving cylinders, from which injuries he shortly thereafter died. The trial court found that the danger of getting into close proximity to the machine was obvious to every sane adult and apparent to the deceased. *Held* that under these circumstances the master was not liable.

Argued January 3d—decided March 9th, 1905.

ACTION to recover damages for personal injuries resulting in the death of the plaintiff's intestate, brought to and heard in damages by the Superior Court in Hartford County, *George W. Wheeler, J.;* facts found and judgment rendered for the plaintiff for $3,500, and appeal by the defendant. *Error; judgment to be entered for nominal damages only.*

*William Bro Smith,* with whom was *William R. Matson,* for the appellant (defendant).

*Joseph P. Tuttle,* for the appellee (plaintiff).

HALL, J. The plaintiff's intestate, Henry Donahue, an employee in the defendant's paper mill, while temporarily performing, at the direction of the superintendent, certain work on or about the machinery, which was not a part of the duties of his employment, had his arm caught between the revolving lead roll and the middle cylinder of the dryer of a paper-making machine, and received injuries from which he died.

The machine was composed of two presses and a dryer, the space between the second press and the dryer being twenty-two inches in width, and extending from the front to the rear of the machine. Two men are required to operate the machine : a " tender," who is in charge, and a " back tender," who is a helper; and both of them are frequently required to go into the space between the press and dryer, either to repair a break or remove substances

from the paper, or for other purposes.  The lead roll, so-called, is attached to the dryer about five feet from the floor, and the cylinder below it, about three and a half feet from the floor, leaving a space between the lead roll and the cylinder of about a foot.  Both the lead roll and the cylinder face said space between the second press and the dryer, and when revolving, as the machine is in operation, tend to draw in between them anything in proximity to them.

On the day of the accident, the paper having broken while the machine was being operated by the superintendent alone, he called upon Donahue to give him a hand in attending to the break, and when Donahue, in complying with such direction, entered the narrow space between the second press and the dryer, his arm was caught and he was injured as above described.

The finding states that there was nothing to have prevented the lessening of the space between the lead roll and the middle cylinder from one foot to three or four inches, and that it would have been easy to have attached to the machine a guard to prevent a hand or arm from getting between the lead roll and the cylinder; that either of these methods would have prevented such an accident, and that reasonable care in the operation of the mill required the defendant to have protected the machine in some such way. A paragraph of the draft-finding marked "Proven," says "the machine in question and its appliances were of suitable material and construction, and reasonably adapted for the work for which they were employed."

The finding of the trial judge further says: "The machine itself was a dangerous one, especially to the inexperienced coming in close proximity to it. Said cylinders and rolls so adjusted and operated, and at the height aforesaid, constituted said space dangerous to any one who might be there. . . ."

The following two sentences of the draft-finding are marked "Proven" by the trial judge. "The danger of getting into close proximity to such a machine as this was obvious and apparent to every sane adult. The danger of getting

into close proximity to this machine was obvious and apparent to the deceased."

Donahue was employed two or three weeks prior to the accident as a spare hand, for unskilled labor, and it was no part of the duties of his employment to act as helper to a machine-tender, nor to work about the machinery. He was twenty-two years of age, of good health, and it does not appear but that he was of average intelligence and in full possession of his faculties at the time of the accident. It is found that for several years he had been employed in an adjoining paper mill, and, for perhaps a week in all, had acted as helper to a machine-tender; that the "especial danger of *this* machine, from the adjustment of the rolls unguarded in this space, had never been pointed out to him and he had no opportunity to know of it, nor to know the peculiar danger to him attendant upon service in this space, as the superintendent required of him"; that he was not competent, either "from prior knowledge or immediate instruction from the superintendent, to act as a machine-tender's helper, or to temporarily lend him a hand in the operation of the machine, or to do any work upon the paper or the machine which took him into said dangerous space," and that the superintendent knew he was not competent to do such work.

In the draft-finding appears this paragraph marked "Proven" by the trial judge. "By reason of his work in this other mill in and around machinery and in the engine room, he (Donahue) became familiar with the obvious risks and dangers incident to the operation of the paper-making machine at the place at which the accident occurred."

In conclusion, the trial court finds "that the defendant has not proven that he is free from the negligence charged, nor that the plaintiff's decedent contributed materially, or otherwise, to the injuries complained of; on the contrary it fairly appears that the defendant, as charged, was negligent and that the plaintiff was not."

In his memorandum of decision the trial judge says that "in his (Donahue's) inexperience the peculiar danger from these unguarded rolls was not so obvious to him as to the

experienced workman ; and the real question in the case turns upon whether the deceased was in this space at the time of his injuries by the order of the defendant's superintendent, or by his own will.

Although this was the principal contested question at the trial, we think it was not decisive of the defendant's liability, for the reason that the facts found show that the dangers of the work which Donahue was requested to do were obvious. The room in which the machinery was situated was well lighted. The dangers to be encountered were the narrowness of the passway between the press and the dryer, into which Donahue entered, the lead roll and cylinder revolving in such a way as tended to draw between them anything in proximity to them ; the open space between the lead roll and cylinder ; and the fact that that space was unguarded. As described in the finding, these seem to have been such dangerous features as were observable to any person of full age and of ordinary intelligence and experience, and such that the failure to specially warn Donahue of the danger of them did not render the defendant guilty of negligence. *McGorty* v. *Southern New Eng. Telephone Co.*, 69 Conn. 635, 643 ; *Sullivan* v. *Simplex Elec. Co.*, 178 Mass. 35 ; *Lowcock* v. *Franklin Paper Co.*, 169 id. 313 ; *Ruchinsky* v. *French*, 168 id. 68 ; *Stuart* v. *West End Street Ry. Co.*, 163 id. 391 ; *Connolly* v. *Eldredge*, 160 id. 566 ; *De Souza* v. *Stafford Mills*, 155 id. 476 ; *Tinkham* v. *Sawyer*, 153 id. 485 ; *Crowley* v. *Pacific Mills*, 148 id. 228. Not only do these dangerous features seem from their character to have been open and apparent and such as were observable to a person exercising ordinary care, but from the express finding of the trial court that " the danger of getting into close proximity to this machine was obvious and apparent to the deceased," and that " from his previous experience he had become familiar with the obvious risks and dangers of the paper-making machine at the place at which the accident occurred," it appears that Donahue had actual knowledge of the dangerous features which were the causes of the accident.

Donahue was not compelled to obey the direction of

the superintendent. Although the work which he was requested to perform was outside of the business of his original employment, he appears to have consented to undertake it without objection. Although he may have been unwilling to undertake this duty, which was more dangerous than those he had engaged to do, yet if with such knowledge of its dangerous character he attempted its performance, because directed by his employer, and from fear that he might otherwise lose his employment, he was not, for these reasons, relieved of the assumption of the hazards incident to the employment. *Leary* v. *Boston & Albany R. Co.*, 139 Mass. 580; *Cole* v. *Chicago & N. W. Ry. Co.*, 71 Wis. 114; *Paule* v. *Florence Mining Co.*, 80 id. 350; *Dougherty* v. *West Superior I. & S. Co.*, 88 id. 343; *Davis* v. *Western Railway*, 107 Ala. 624, 634; *Southern Kansas Ry. Co.* v. *Moore*, 49 Kan. 616; *Wormell* v. *Maine Central R. Co.*, 79 *Me.* 397; *Sweeney* v. *Berlin & J. E. Co.*, 101 N. Y. 520; *Halliburton* v. *Wabash R. Co.*, 58 Mo. App. 27; *Shortel* v. *St. Joseph*, 104 Mo. 114; *Galloway* v. *Western & A. R. Co.*, 57 Ga. 512; *Last Chance M. & M. Co.* v. *Ames*, 23 Colo. 167.

That Donahue may not have realized all the possible consequences of the danger, or that the dangers were not as obvious to him as to an experienced workman, cannot affect the question of the defendant's liability, when it appears from the finding that the dangers were such as were obvious to any person of full age and of ordinary intelligence, and that the danger of coming into close proximity to the machine was sufficiently appreciated by Donahue. *Pratt* v. *Prouty*, 153 Mass. 333; *De Souza* v. *Stafford Mills*, 155 id. 476; *Stuart* v. *West End Street Ry. Co.*, 163 id. 391.

The trial court erred in holding that upon the facts proved the defendant was liable for substantial damages because, at the time of the accident, Donahue was in the passway by the order of the defendant's superintendent.

There is error and the case is remanded for the assessment of nominal damages.

In this opinion the other judges concurred.