## J. M. MORGAN, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, March 1, 1909.

1. **MASTER AND SERVANT: Place of Work: Order of Foreman: Evidence: Negligence.** Plaintiff's gang was removing tires from the wheels of an engine suspended over a pit. After heating the first wheel the foreman ordered plaintiff into the pit to knock the tire loose at the bottom, which he did and the tire went off without accident and the gang proceeded to work on the second wheel, and while the same was being heated the foreman left. When hot plaintiff went into the pit to hammer the tire loose as before. In falling the tire caught on some obstruction and slipped down into the pit and injured plaintiff. *Held*:

   (1) Plaintiff did not voluntarily assume the position in the pit but did so under order of the foreman.

   (2) That the question whether the order was a negligent one was for the jury.

   (3) That there was no room for assumption of risk in the case.

2. —————: —————: —————: —————: —————: **Contributory Negligence.** The master and servant do not stand on an equal footing even when they have equal knowledge of danger since the servant owes obedience and may rely on the superior knowledge and skill of the master and is not guilty of contributory negligence unless the danger is glaringly obvious; and on the evidence in the record plaintiff's contributory negligence was for the jury.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoffman*, Judge.

AFFIRMED.

*Roy D. Williams* and *C. D. Corum* for appellant.

(1) The plaintiff voluntarily chose a place that was glaringly and obviously dangerous. No man of ordinary caution and prudence would have selected such a place, or undertaken to perform the task in such

a manner. Under such circumstances he assumed the risk of injury. His own carelessness directly contributed thereto, and precludes his recovery. Zentz v. Chappell, 103 Mo. App. 208; Booth v. Air Line, 76 Mo. App. 519; Stephens v. Railroad, 96 Mo. 212; Fugler v. City, 76 Mo. App. 519; Fugler v. Bothe, 117 Mo. 487; Roberts v. Telephone Co., 166 Mo. 378; Price v. Railroad, 77 Mo. 511; Keegan v. Kavanaugh, 63 Mo. 232; Huhn v. Railroad, 92 Mo. 447; Minnier v. Railroad, 167 Mo. 114; Shortel v. St. Joseph, 104 Mo. 120; Harff v. Green, 168 Mo. 314; 2 Thompson on Negligence, sec. 1008; Beach on Contributory Negligence, secs. 369, 370; 1 Bailey on Personal Injury, secs. 1121-1123. (2) The plaintiff was a machinist helper, but the court permitted plaintiff to show the daily wage of a machinist.

*George F. Longan* for respondent.

(1) The servant looks to his employer for the observance of all reasonable and proper precautions. He may act upon assurance implied in an order by his master. Keegan v. Kavanaugh, 62 Mo. 232; Schraeder v. Railway, 108 Mo. 332. (2) The servant assumes the risk of the danger incident to the employment, but he never assumes risk of the master's negligence. Cole v. Transit Co., 183 Mo. 94; Settle v. Railway, 127 Mo. 344; Blanton v. Dold, 109 Mo. 76; Shortel v. St. Joseph, 104 Mo. 120; Schraeder v. Railway, 108 Mo. 333. (3) An order from the master amounts to an assurance that there is no danger, and the servant is justified in obeying it with that interpretation. Hyatt v. Railway, 19 Mo. App. 296; Herriman v. Railroad, 27 Mo. App. 444; Fogus v. Railway, 50 Mo. App. 250.

JOHNSON, J.—Action by a servant against his master to recover damages for personal injuries alleged to have been caused by the negligence of the master. The defenses offered by the answer were a general de-

nial and pleas of assumed risk, contributory negligence and that the injury was caused by the negligence of a fellow-servant. Verdict and judgment were for plaintiff in the sum of $2,500. Defendant appealed.

First, we shall dispose of the contention of defendant that the jury should have been instructed to return a verdict in its favor on the evidence introduced by plaintiff which is all the evidence in the record.

At the time of his injury, August 31, 1906, plaintiff was employed by defendant at its machine shops in Sedalia as a machinist's helper. He was a member of a gang of workmen which was ordered by defendant to transpose the tires of the two driving wheels on one side of a locomotive. The removal of the tires from the wheels was the first thing to be done. To do this, the engine was run on to a track provided with a pit between the rails about three feet deep. The engine then was raised about six inches from the rails by a hoister and held suspended in that position during the operation of removing the wheels. It is charged in the petition, and the evidence tends to show, that the usual method then followed in such cases was to have the wheel carried by an electric crane to trestles provided for the operation of removing the tire. The tire then was heated by means of heat conducted through a tube placed around its periphery. After being sufficiently heated, it was knocked off the wheel. This method was not pursued in the present instance. Instead, the foreman ordered the men to apply the heat and knock off the tires with the wheels remaining on the engine. The tire of the rear wheel was heated and, in compliance with the further order of the foreman, plaintiff and another helper went into the pit under the engine for the purpose of hammering the tire loose at the bottom of the wheel. The task was successfully accomplished and the tire fell outward to the floor. The foreman then ordered the heat put on the forward wheel and left to attend to some other duty. The men heated the tire

on the front wheel and at the proper time, plaintiff descended into the pit to hammer it loose. When detached from the wheel, the tire started to fall outward but the flange struck the guide yoke which had not been removed and the direction of the fall was thereby changed in a manner to cause the tire to slide downward into the pit. It struck one of plaintiff's legs, inflicting the injuries which are the subject of present complaint.

The negligence alleged in the petition is "that the defendant then and there failed to furnish sufficient appliances and employees to safely manipulate and remove the said tire from the wheel of said engine in the aforesaid special manner decided on by its agent, the said John M. Blue, and negligently attempted and undertook to remove the tire from the said wheel of the said engine with insufficient appliances and an insufficient number of employees and in an insufficient manner, in this, to-wit: That said defendant failed to attach a rope or chain to said tire which would prevent said tire from falling into said pit, and said defendant negligently failed to remove from said engine the yoke and yoke block thereof, which could possibly intervene in the handling of the said tires, so that the said tires by striking the same on being loosened, might be precipitated suddenly into said pit."

The evidence tends to show that the guide yoke and guide blocks should have been removed before the attempted removal of the tire and that had this been done, the tire would have fallen to the floor. It further tends to show that by fastening the tire to the spokes with a chain, its fall into the pit would have been prevented.

It is earnestly insisted by defendant that plaintiff voluntarily went into the pit the last time and did not go there under the order of defendant's vice-principal, the foreman. But the facts we have stated support the contrary inference. The foreman directed the men to

take off both tires with the wheels on the engine. He told plaintiff to go into the pit to loosen the first tire and it was necessary for plaintiff or some other helper to go into the pit to remove the second tire. Clearly the foreman intended, and the men so understood him, that each tire should be removed by the same process. Plaintiff did not go into the place as a mere volunteer, but under the orders of the foreman. It was for the jury to decide as an issue of fact whether the foreman was negligent in ordering plaintiff into a place of danger. It is the duty of the master to exercise reasonable care to provide the servant a reasonably safe place in which to work and, in the discharge of such duty, it would appear that an ordinarily careful and prudent person in the position of the foreman would have ascertained before ordering plaintiff into the pit whether or not the tire would fall clear of the guide yoke. Finding that it would not, it then would become the obvious duty of the foreman to order proper steps to be taken to prevent the tire from sliding into the pit. There is no room in this case for the application of the doctrine of assumed risk. Plaintiff only assumed the risks that were incidental to the employment and did not assume those created by the negligence of his master. [Cole v. Transit Co., 183 Mo. l. c. 94; Settle v. Railway, 127 Mo. l. c. 344; Blanton v. Dold, 109 Mo. l. c. 76; Curtis v. McNair, 173 Mo. 270.]

But it is argued that plaintiff was guilty in law of contributory negligence. Master and servant do not stand on equal ground. The master is charged with the duty of exercising reasonable care to guard against sending the servant into a place fraught with dangers beyond those which are incidental to the employment. The servant owes obedience to the master, his time belongs to the master, and while he must make reasonable use of his senses to protect his own safety, he is not required to make a critical examination of the place in which his master directs him to work. The rule thus

is stated by the Supreme Court in Shortel v. St. Joseph, 104 Mo. 114: "The master and servant do not stand upon an equal footing, even when they have equal knowledge of the danger. The position of the servant is one of subordination and obedience to the master, and he has the right to rely upon the superior knowledge and skill of the master. The servant is not entirely free to act upon his own suspicions of danger. If, therefore, the master orders the servant into a place of danger, and the servant is injured, he is not guilty of contributory negligence, unless the danger was so glaring that a reasonably prudent person would not have entered into it. [Keegan v. Kavanaugh, 62 Mo. 230; Stephens v. Railroad, 96 Mo. 209.]"

The evidence, in its aspect most favorable to plaintiff shows that the tire proper cleared the obstruction but that its flange lapped over less than an inch. Further, it appears, that a mere visual inspection would not disclose the fact that the flange would not clear the guide yoke. It required a measurement to ascertain that fact. In such situation, plaintiff was justified in relying on the superior knowledge of the master and on the implied assurance that the master had performed his duty and knew that the tire would not be obstructed in its fall to the floor. The classification of the conduct of plaintiff was an issue of fact for the jury to settle. The demurrer to the evidence was properly overruled.

The objection offered to the admission of certain evidence is so obviously devoid of merit that we do not deem it necessary to discuss it. The case was tried without substantial error and it follows that the judgment must be affirmed. All concur.