Keegan v. Kavanaugh, et al.

SARAH KEEGAN, Respondent, *vs.* DANIEL KAVANAUGH, *et al.,* Appellants.

1. *Practice, civil—Jury, prejudice and competency of—Questions to jurymen—Propriety of.*—In suit for damages the affirmative answer of a juryman to the question, whether if the evidence were evenly balanced, he might not incline to the side of plaintiff, would not render him incompetent. (53 Mo., 525.) Such questions are improper.

2. *Damages—Obvious and covert danger—Risks assumed by servant.*—It is the duty of the master, where his servant is engaged in hazardous employments, to see that every reasonable precaution on his part, to insure safety, is observed. If the risk is perfectly obvious to the sense of any man, whether servant or master, the servant assumes the risk. But where such is not the case, and it is fair to presume, that the employer has been guilty of no negligence, the rule is otherwise.

3. *Damages—Falling in of embankment—Re-assurance of employee—Confidence in master—Measure of liability—Negligence.*—Where a hod carrier engaged at work in an excavation, having manifested some reluctance to descend, was ordered by his employer to go down, and the earth caved in upon and killed him, *held,* that the order was an implied assurance that there was no danger ; that the laborer properly relied on the superior information of the master, and that the latter was liable; that in such case the question of negligence was for the jury.

*Appeal from St. Louis Circuit Court.*

*M. McKeag,* for Appellants, cited Butcher vs. Death & Trusdale, 15 Mo., 271 ; Stiel vs. Ackli, 15 Mo., 291 ; Jones vs. Yeager, 2 Dillon, 64 ; Devitt vs. Pac. R. R. Co., 50 Mo., 302, and cas. cit. ; Wright vs. N. R. C. R. R. Co., 25 N. Y., 566, 570 ; Hayden vs. S. M. Co., 29 Conn., 548 ; Callahan vs. Warne, et al., 40 Mo., 317 ; Foley vs. Alkire, 52 Mo., 317 ; Const. Mo., Art. I, § 17 ; Hale's Com. Law, vol. 2. p. 138 ; Lord Coke's First Inst., ch. 12, § 234, n. d.; Bank of Mo. vs. Anderson, 1 Mo., 234; Wagn. Stat., ch. 80, p. 800, § 22 ; Hudson vs. St. L., K. C. & N. R. R. Co., 53 Mo., 525; C. & A. R. R. vs. Adler, 56 Ill., 344.

*A. J. P. Garesche,* for Respondent, cited Hudson vs. St. L., K. C. & N. R. R. Co., 53 Mo., 537 ; Shearm. & Redf. Negl., 3d ed., pp. 125, 126, § 96 ; Patterson vs. Pittsburg & Connellsville R. R., 76 Pa., 393 ; Clark vs. Noxon, 7 Hurle & N. (Ex.), 937 ; Snow vs. R. R., 8 Allen, 441 ; Perry vs.

Marsh, 25 Ala., 668; Smith vs. City of St. Joseph, 45 Mo., 449; Norton vs. Ittner, 56 Mo., 353; Meyer vs. Chicago R. R., 59 Mo., 229; Huelsenkamp vs. Citizens R. R. Co., 34 Mo., 54; Kennedy vs. N. M. R. R. Co., 36 Mo., 364; Leddy vs. St. L. R. R. Co., 40 Mo., 519; McPheeters vs. Han. & St. Jo. R. R. Co., 45 Mo., 24; Kennedy vs. Pacific R. R. Co., 45 Mo., 258; Brown vs. Han. & St. Jo. R. R. Co., 50 Mo., 466.

NAPTON, Judge, delivered the opinion of the court.

This was a suit by the wife of Keegan to recover damages from his employers, on account of said Keegan being killed by the fall of an embankment of earth, through the negligence of defendants.

The answer set up as a defense, that the deceased was a hod carrier, and had ample opportunity to know the defects of said earthen wall, and therefore defendants were not responsible.

The replication avers, that Keegan "was re-assured in the fear he felt as to the safety of his working by the assurance of Burns, one of the defendants, that there was no danger."

The proof was, that the plaintiff's husband was a hod carrier in the employment of defendants, who were engaged in building a stone wall, at the foot of an embankment of earth, some twenty or thirty feet deep, and that the earth embankment was not shored or propped, and that, by reason of the failure to have the embankment protected, the plaintiff's husband was killed.

Keegan indicated some reluctance to go down, but upon a positive order from one of the defendants, he did so, and was killed.

There was evidence to show that such embankment ought to have been propped up or shored.

The jury found a verdict for plaintiff, which was followed by a judgment, from which the appeal is to this court.

The first question in this case is, as to the competency of four of the panel of jurors, who were asked, if in the event

that the testimony on the trial was evenly balanced, they might not incline to the side of the plaintiff, the wife of the man killed. To this question they all answered in the affirmative.

This is substantially the same question passed on by this court in Hudson vs. St. Louis, K. C. & N. R. R. (53 Mo., 537), the only difference being, that in the case cited, the suit was against a corporation, and in the present case brought by a woman. The answer to such questions would probably be in ninety-nine cases out of a hundred, just such as the jurors gave in both cases.

We think that no such questions are authorized. ·The statute, providing for impartial jurors, determines substantially what facts shall disqualify. If counsel are allowed to go into hypothetical assumptions of how the evidence will turn out on the trial, and how in certain contingencies jurors would act, it would be impossible to get juries. It is for the court to instruct the jury on such questions, and if the jury disregard the instructions of the court, it is the duty of the court to set the verdict aside.

It is undoubtedly the duty of a master, where his servant is engaged in hazardous employments, to see that every reasonable precaution on his part, to insure safety, is observed. The primary duty of the servant is obedience, and it is not to be expected that he will, upon mere imaginary danger, of which he may be conscious, assert his right to relinquish his employment. He naturally looks to his employer for the observance of all reasonable and proper precautions, and his continuance in the service when such precautions have not been observed, is rather to be attributed to confidence reposed in those to whose superior judgment he yields.

If the risk is such as to be perfectly obvious to the sense of any man, whether servant or master, then the servant assumes the risk. But if it is a case where no such obvious risks are incurred, and where it was fair to presume that the employer had been guilty of no negligence, the rule of law as well as of common sense and justice is, that the master is responsible for damages, if any ensue.

In this case, the evidence shows that Keegan, the laborer, was not without apprehensions, but when one of his employers ordered him to go down, he did so promptly, upon the assurance implied by such an order, that there was no danger. That the employer did not feel the same assurance was indicated by his going off to another part of the work. The superior information of the master was relied on, and his better means of information as to the character of the ground. The plaintiff's husband was a mere hod carrier of mortar used in the construction of a wall at the foot of the embankment.

The instructions given by the judge were right, and, indeed, were not objected to. They left the question of negligence to the jury. The two additional instructions were properly refused, the first upon grounds already intimated. The master and servant are not altogether on a footing of equality. The deference, which necessarily follows the relation of the latter to the former, must be taken into consideration. Besides, the question of contributory negligence was left to the jury, and under the evidence they very naturally found there was none.

As to the second instruction, it is not a fair statement of the admissions made in the replication. The plea must be taken altogether. The instructions given by the court in this case were as follows :

1st. "If the jury believe from the evidence, that at the time of his death, Daniel Keegan was in the employ of the defendants ; that, while in such employment, he was killed by the crumbling or slide of a bank of earth ; and if they further believe that the defendants were, under all the circumstances, guilty of negligence, in not having the said bank of earth shored or braced, and that the shoring or bracing of said bank of earth would have prevented the injury complained of, they will find for the plaintiff such damages, etc."

2. "But, although the jury may believe the state of facts, supposed by instruction No. 1, yet, if they believe from the evidence, that the said Daniel Keegan was guilty of negligence or carelessness on his part, which directly contributed to the injury complained of, the jury will find for the defendants."

The court also, at the instance of defendants, instructed the jury, first, that the mere relationship of employer and employee does not of itself imply that the employer insures the servant from any accident which might ordinarily attend the service in which he enters, and if the jury believed that the injury in this case was the result of accident or misadventure, without any culpable negligence of either party, they will find for the defendants.

The court further instructed the jury at the instance of defendants, that before they could find for plaintiff, they must find from the evidence that the defendants failed, refused or neglected to exercise the care and prudence men ordinarily use under the circumstances, as shown in evidence, at the time plaintiff's husband was killed, and that their failure was the direct and immediate cause of the deceased's death. The degree of care and prudence need only be proportioned to the danger apparent or ordinarily incident to the business or occasion.

The court was asked to give two additional instructions, which were refused. They were: 1st. "Although the jury may find from the evidence that the earthen walls were defective, and that defendants knew of their defectiveness; if they further find that the plaintiff's deceased husband also knew of such defectiveness, and of the danger likely to result therefrom, and remained voluntarily in the defendants' employment, the plaintiff is not entitled to recover." 2d. "The jury are instructed that it is admitted by plaintiff's reply, that her husband, Daniel Keegan, apprehended danger from the earthen wall, and felt fear of its falling."

But the reply, in fact, merely amounted to a statement, that, whatever fear had been entertained by Keegan, had been dispelled by the assurances of the defendant.

The judgment will be affirmed. The other judges concur, except Judge Vories, who is absent.