Price v. The Hannibal & St. Joseph Railroad Company.

---

PRICE v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Master and Servant: DAMAGES.** Where a servant accepts employment knowing, as well as his employer, its perils, or continues in service after he acquires such knowledge, he has no claim for damages against the employer for an injury--occasioned by such perils.

2. **Instructions.** It is error to give instructions which are contradictory, or are not warranted by any evidence in the case.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

REVERSED.

*Geo. W. Easley* for appellant.

*W. D. Carlisle* and *A. J. Blethen* for respondent.

HENRY, J.—This action is for the recovery of damages for the death of plaintiff's husband caused by injuries received by him, at defendant's round-house in the City of Kansas, on the 24th day of January, 1879. The deceased was employed by defendant as a fireman upon its locomotive engines. Plaintiff had judgment for $5,000, from which defendant has appealed.

It was stipulated that the following facts should be taken as admitted by both parties: That the engine-house was not lighted on the night of the injury to Price, in any other manner than by the small hand-lamps carried by a portion of the employes; that the deceased, and the person who backed the engine into the stall, were both well aware of the fact that the engine-house was not lighted; and both the deceased and the said person handling the engine had known that said engine-house had not been lighted from the time it was built, up to the time of the accident; that the deceased lay down between stalls two and three in said engine-house, from a half an hour to an hour before the injury, and fell asleep; and in his sleep, a short time before the injury, turned over so that his foot lay on the rail of the track of the stall, and that the engine was backed over or against his foot by one of defendant's agents or servants, so that his foot was injured to such an extent that amputation became necessary, from which amputation he died; that plaintiff was the widow of the deceased, R. B. Price, and still is such widow.

The testimony for plaintiff proved that the railroad

tracks in a round-house are used for putting engines on and are called "stalls;" that the space between them is eight or ten feet wide, and there are no walls or fences between the stalls. The round-house was built in August or September, 1878, and the deceased and other employes of defendant, with the knowledge and consent of the company, had been sleeping in the round-house in the space between the stalls, the most of the time after its erection, until the death of the deceased. He was seen asleep on the night in question, within two or three feet of the track. A short time before the engine which passed over his leg went into the round-house, no part of his body was on the track. There were no lights in the house at the time except small tin hand-lamps or torches carried about by the men in their hands. There were no stationary lights. The fireman who ran the engine in knew that men were sleeping between the stalls. Requisition had been made by the foreman of the engine-house for lights for this house on the 9th day of September, 1878, but they were not furnished until after Price was killed. The bell on the locomotive was rung as usual that night when it started to the round-house, about sixty yards from the round-house. This was the only and usual signal. The employes were permitted and encouraged by the foreman of the engine-house to sleep in the round-house.

These were substantially the facts established by the evidence, and the court refused an instruction asked by defendant, that on these facts, plaintiff was not entitled to recover. The deceased and the fireman, who ran the engine into the round-house, were fellow servants, and if his death was occasioned by the negligence of the fireman, plaintiff was not entitled to a verdict.

1. MASTER AND SERVANT: damages.

If it be conceded that the defendant owed a duty to its employes to provide the round-house with lights, and that the death of Price is to be attributed to the neglect of that duty, yet Price was aware that it had been neg-

lected ever since the erection of the house, four or five months before he was injured. He was aware that on that night there were no lights in the house, and he had every reason to know that there would be none. He had slept there most of the time after the house was built until the night in question. He was aware of the danger to which he exposed himself by sleeping in such a place. It was not only carelessness, but such carelessness as amounted to recklessness on his part to voluntarily place himself in such danger. It is no answer to this to say that he was encouraged to sleep there by defendant, or that the service he was engaged in required it, because, even if that be so, he continued in that service, and repeatedly, almost continuously, placed himself in that peril, knowing as well as the company, its nature and extent. In such case the servant assumes the risk. *Keegan v. Kavanaugh*, 62 Mo. 232; *Porter v. Hann. & St. Jo. R. R. Co.*, 71 Mo. 67.

The evidence on the part of plaintiff—none was introduced by defendant—discloses such a clear case of contributory negligence on the part of the deceased, as precludes a recovery by plaintiff. There was no evidence that the company required defendant or any of its employes to sleep in the round-house. All that the evidence tends to prove on that subject is, that knowing that they were in the habit of doing so it was permitted, and in some instances, encouraged; but in either aspect of the case, a servant who takes employment knowing as well as the employer the risk, or continues in that service after he acquires that knowledge, has no claim for damages against the employer for an injury he may sustain resulting from the risk he has taken. If by the terms of the employment a servant were required to sleep in that round-house between the stalls, and he was fully aware of the danger to which it would expose him, he has his option to enter or decline the service, but, accepting it, he assumes all such risks as are equally as well known to him as to his employer. "If the risk is such as to be perfectly obvious to the sense of any

man, whether servant or master, then the servant assumes. the risk." *Keegan v. Kavanaugh, supra.*

The court in the second, third, fourth and fifth instructions given at defendant's instance, properly declared that 2. INSTRUCTIONS.  if the deceased was injured in consequence of the negligence of the servants of defendant engaged in putting the engine into the round-house, plaintiff could not recover, but in the first given for plaintiff, told the jury that if his injury was occasioned by the negligence or unskillfulness of defendant, its agents or servants, while running one of its locomotives, and that Price at the time exercised ordinary care and prudence, plaintiff should recover.  This was in direct conflict with those given for defendant.

In the plaintiff's second instruction the jury were told that although Price's own negligence contributed directly to his injury, that would not preclude plaintiff's recovery, if defendant could have avoided the injury to him, after notice that he was lying partly on the track.  There was not a scintilla of evidence of any such notice, and it was, therefore, error to give the instruction.

All concurring, the judgment is reversed.