C. M. ELLINGSON *et al.*, by Next Friend, Respondents, v. CHICAGO & ALTON RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, January 29, 1895.

1. **Pleading**: PARTIES. The allegation by answer of facts showing that there is a defect of parties does not amount to an objection to the petition on that ground.

2. ———: APPOINTMENT OF NEXT FRIEND OF INFANT. An objection, that the next friend of an infant plaintiff was not appointed in conformity with the statute, is one as to parties, and must therefore be made by special demurrer or answer.

3. ———: DAMAGES.  All the damages recoverable by a minor, under section 4427 of the Revised Statutes, for the death of its parent, are in the nature of general damages; accordingly, they need not be specially pleaded.

4. **Master and Servant:** COMBINED NEGLIGENCE OF MASTER AND FELLOW SERVANT.  A servant may recover from his master for an injury caused by the combined negligence of the latter and a fellow servant.

5. ———: KNOWLEDGE BY SERVANT OF RISKS.  The claim, that a servant knew of the danger incident to the failure of his master to supply proper appliances· and therefore took the risk thereof, is matter of affirmative defense to an action based on the master's delinquency, and will not be ground for a nonsuit unless such knowledge clearly appears or the inference thereof is unavoidable.

6. ———: ———: ABSENCE OF SWITCH LIGHTS ON RAILROAD.  The defendant railway company failed to supply switch lights at a switch on its road, and, in consequence thereof and of the switch being left open, a train standing on the switch track was run into at night by another which was approaching on the main track.  The engineer of the former train, whose death was the basis of this action, had had many years' experience on the defendant's road, and knew that such lights had long been missing at this station but supplied at the others with few exceptions.  *Held*, under the rule above stated, that these facts did not warrant a nonsuit.

7. **Instructions:** ACTION FOR NEGLIGENCE: OMISSION OF REFERENCE TO AFFIRMATIVE DEFENSES IN INSTRUCTION AUTHORIZING RECOVERY.  When affirmative defenses are brought to the attention of the jury so as to fairly qualify an instruction which authorizes a recovery without mentioning them, the omission of such mention will not be treated as prejudicial error.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

◦ *George Robertson* for appellant.

(1)  There was no appointment of a next friend to act in the case.  R. S., secs. 1998, 1999, 2403 and 2414. (2) The court erred in permitting plaintiff to prove the value of services, etc., of deceased, as under the petition no special damages were alleged.  *Matthews v. Railroad,*

26 Mo. App. 75. '(3) The accident was the result of the negligence of a fellow servant, and, therefore plaintiff can not recover. *Relyea v. Railroad*, 112 Mo. 87; *Randall v. Railroad*, 109 U. S. 478. (4) The deceased assumed the risk of injury from the absence of a switch light, or the existing construction of the track. *Tuttle v. Railroad*, 122 U. S. 189; *Wagner v. Jayne Chemical Co.*, 147 Pa. St. 475; s. c., 30 Am. St. Rep. 745, and note; *Price v. Railroad*, 77 Mo. 508; *Gleeson v. Excelsior Mfg. Co.*, 94 Mo. 201; *Naylor v. Railroad*, 33 Fed. Rep. 801. (5) There was a misjoinder of parties plaintiff; if all who had an interest did not join, then none can recover. R. S. sec. 4425; *Railroad v. Needham*, 52 Fed. Rep. 371; *Railroad v. Strong*, 52 Ga. 461; *Kennedy v. Burrier*, 36 Mo. 128.

*W. W. Fry* for respondent.

ROMBAUER, P. J.—The plaintiffs are infant children of Ole Ellingson, who died from injuries received at Larrabee station while in the defendant's employ as a locomotive engineer. The injuries were brought about by a collision of two locomotives, the one in charge of Ellingson, the other in charge of another engineer of the defendant. The petition charges that the collision was due to defendant's negligence in failing to maintain switch lights at the intersection of the defendants main track with the switch track on which the locomotive in charge of Ellingson was standing at the time.

The petition states that the switch was negligently left open by the defendant, but that, owing to the absence of switch lights, that fact was unknown to the engineer of the approaching train, and that in consequence thereof such train, instead of following the main track, ran with great velocity into the switch track,

and the two engines collided with great force, inflicting the aforesaid injuries on Ellingson. The petition also states that the widow of said Ellingson refused to sue within six months, wherefore the plaintiffs sue.

The collision occurred on February 7, 1892. On the twenty-seventh day of September, 1893, the defendant filed an amended answer, which, after a general denial, proceeded: "Defendant * * * says that said Ole Ellingson came to his death by a collision on defendant's road, but he came to such death by the act of his own negligence directly contributing thereto, and by the act and acts of his fellow servant directly contributing thereto. And defendant further answering says, that, at the date of the death of said Ole Ellingson, he had three minor children, the two now suing and a daughter, Bernice Ellingson, who became of age the twenty-fifth day of June, 1892, and having fully answered, asks to be discharged with its costs." The new matter contained in the answer was denied by reply.

Upon these pleadings the parties went to trial before a jury, the trial resulting in a verdict for plaintiffs in the sum of $2,500, on which judgment was entered accordingly. The defendant appeals, and assigns for error that no next friend was appointed for the plaintiffs in the manner required by law; that the cause of action, if any, was in all the children of Ellingson who were minors at the date of his death, and that the nonjoinder of Bernice Ellingson, one of such minor children, as a coplaintiff was therefore fatal to the recovery; that the court erred in admitting evidence under the petition of any damages, as no special damages were pleaded, and that the instructions of the court were erroneous.

We deem it immaterial whether the next friend was appointed in conformity with the requirements of the statute. Under the decision of *Rogers v. Marsh,*

73 Mo. 64, and *Clowers v. Railroad*, 21 Mo. App. 213, the objection is one of defect of parties plaintiff, and is waived unless made by special demurrer or by demurrer by answer. At it was not properly raised in this case, we need not pass on the question whether there would have been any merits in it, if properly raised.

The same holds good of defendant's second objection, which is presumably *attempted* to be raised by the answer. That there is a defect of parties plaintiff or defendant is made ground of demurrer by the code, which expressly provides that, if *no such objection* be taken by demurrer or answer, the defendant shall be deemed to have waived the same. The bare statement of a fact, and an objection taken on account thereof, are essentially different things. This exact point was considered and so ruled in the analogous case of *Anderson v. McPike*, 41 Mo. App. 328, 330, 331, where the question was fully examined. In the case at bar the answer states that a third child of the deceased, Bernice, was a minor, when he was killed, although it would appear she became of age prior to the time when any of the minor children of Ellingson acquired a vested right to sue. If the defendant desired to rely upon the point that the said Bernice was a necessary party to the action, it should have demurred to the petition on account of her nonjoinder as a party plaintiff, after stating the fact of her existence and minority at the date of her father's death. *Non constat*, for anything that appears in the answer, the defendant had no objection to have its damages admeasured by the loss caused to the two minors, as the damages might be increased, if those caused to the third minor were likewise taken into consideration, and the third minor who had become of age in the *interim* might not be inclined to sue. Had the defend-

ant made timely *objection* to the nonjoinder of Bernice, the plaintiffs under the authority of *Buel v. St. Louis Transfer Co.*, 45 Mo. 562, might have amended their petition by making her a coplaintiff. We do not deem it necessary to decide whether, under the facts shown, she was a necessary plaintiff.

The petition claims no special damages. It concludes as follows: "By reason of the premises they (the plaintiffs) have been damaged by and are entitled to recover the sum of $5,000, for which with costs they ask judgment." It will be seen that the prayer for damages is almost identical with that in *McGowan v. the St. Louis Ore and Steel Co.*, 109 Mo. 518, where this question was fully considered.

The damages caused to minor children by the death of their parent, as far as they relate to the nurture and education of the child for which it has a right to look to the parent, are not in the nature of special damages. It was said in *Parsons v. Railroad*, 94 Mo. 286, that there is a class of cases "in which the damages, in the nature of things, must be largely conjectural, as for instance, * * * when a child of tender years is suing for the death of a parent, the pecuniary value of whose parental care and nurture, aside from maintenance, and education, and support during minority, is not susceptible of accurate measurement in dollars and cents." The statute under which this action is brought provides that "in every such action the jury may give such damages, not exceeding five thousand dollars, as they may deem fair and just, with reference to the necessary *injury* resulting from such death to the surviving parties who may be entitled to sue, and also having reference to the mitigating or aggravating circumstances attending such wrongful act, neglect or default." All the damages *recoverable* under this act are in the nature of *general damages*, and

need not be specified, and we are not aware of any case which holds to the contrary.

The close question in this case is whether the court erred in not taking the case from the jury at the close of the evidence, as requested by the defendant, on the ground that the decedent knew of the absence of switch lights at the station, and by continuing in service with knowledge of that fact assumed any resulting danger as an ordinary risk of his employment. It stands conceded that the duties of the decedent made him pass this point frequently, and it is argued that, as the absence of switch lights was a patent fact, he must have known their absence and the danger incident thereto.

Touching the absence of switch lights at the place of the accident, the increased danger on account of such absence and the fact whether such absence was the cause, or a concurrent cause, of the accident, the evidence tended to show the following facts: The decedent was a locomotive engineer of sixteen years' experience. He was in defendant's employ for nine years immediately preceding the accident, running an engine of a freight train between Roodhouse and Slater stations on the road. These stations are about 157 miles apart, and have thirty stations between them, all of which with the exception of five or six are provided with stationary lights. Larrabee is one of the stations not thus provided. There were no stationary switch lights there for many years preceding the accident. The collision took place about 4 o'clock A. M., on a dark night, between the engine of the west bound passenger train, approaching the station at a speed of forty miles per hour, and the engine of the east bound freight train which was standing on the switch track and waiting for the passenger train, which did not stop at the station, to pass. The deceased was in charge of the freight

train. There was evidence tending to show that switch lights are a usual and necessary appliance to lessen the danger of collisions at night at such points. There was also evidence tending to show that, if the switch had been provided with a stationary light, the engineer of the approaching train would have seen in time that the switch was misplaced, and the collision would have been avoided. On the other hand, there was evidence tending to show that the brakeman of the freight train misplaced the switch by accident, and, after misplacing it, signaled with his lantern to the engineer of the locomotive of the passenger train to come ahead, and that the negligence of this brakeman was the main, if not the sole, cause of the accident.

This being all the evidence bearing upon the point of law presented, the defendant contends the court should have sustained its demurrer to the evidence. It is argued that the collision was due either to the negligence of the brakeman, who was one of the decedent's fellow servants, and, if so, the plaintiffs could not recover; or else it was partly due to the absence of switch lights, and then the plaintiffs could not recover, because such absence was patent and within the observation of any man, and hence the decedent knew of it and must be presumed to have assumed this additional risk as an incidental danger of his employment.

Touching the first proposition it will suffice to say that the rule in this state is that a servant may recover for an injury caused by the combined negligence of the master and fellow servant ( *Young v. Schickle, Harrison & Howard Iron Company*, 103 Mo. 324, 328), and that there is substantial evidence in this case tending to show that the omission of a stationary switch light was a concurring cause of the accident.

Nor could the court sustain the demurrer on the second ground, because the fact that the decedent knew

of the danger attendant upon an omission of switch lights is matter of defense, and, unless such knowledge clearly appears by the plaintiff's evidence, or the inference of knowledge is unavoidable, the plaintiff is entitled to have the question submitted to the jury. *Williams v. Railroad,* 109 Mo. 475. This case, therefore, is not within the rule established by the dissenting opinion in *Fugler v. Bothe,* 43 Mo. App. 62, and approved by the supreme court in 117 Mo. 502, but rather within the rule as stated by that court in *Huhn v. Railroad,* 92 Mo. 440, and in *Keegan v. Kavanaugh,* 62 Mo. 230.

The defendant relies on *Price v. Railroad,* 77 Mo. 508, where the plaintiff went to sleep in a badly lighted roundhouse with his legs across a track, and on *Gleeson v. Excelsior Mfg. Co.,* 94 Mo. 201, where the decedent fell into a well-lit hatchway, which it was his duty to close. These are cases of the grossest contributory negligence, made patent by the plaintiff's own evidence, and have no applicability to the facts of this case. In the case of *Tuttle v. Railroad,* 122 U. S. 189, the negligence relied on was that a curve in depot grounds was a very sharp one, which was the cause of the accident complained of, and the court held (Justices MILLER and HARLAN dissenting) that it could not be left to the uncertain and varying opinions of juries to determine such an engineering question. In the case of *Wagner v. Chemical Co.,* 147 Pa. St. 475, which is also relied on by the defendant, the plaintiff was injured by inhaling poisonous fumes in a factory in which he was employed, and, although it appeared by his own evidence that he left, saying "he could not stand them," and thereafter returned to work upon assurances that the fumes would not cause him permanent injury, the court held that a direction to find for the defendant on the ground that

the plaintiff knew the danger, and voluntarily incurred the risk, was unwarranted.

Every instruction offered by the plaintiffs has been heretofore approved by the supreme court in cases presenting similar features. At the instance of the defendant the court gave a number of instructions, which fully covered every phase of the defense. The defendant, however, complains that some of the instructions given on behalf of plaintiffs are irreconcilable with those given for the defendant. The first instruction given for plaintiffs is as follows:

"The court instructs the jury that, if they believe from the evidence that the accident, resulting in the death of Ole Ellingson, was occasioned by want of ordinary care on the part of the defendant railroad company in protecting its employees, in that it failed to provide and maintain switch lights at the switch at the east end of the side track at Larrabee, and that by reason thereof the said Ole Ellingson was killed, then your verdict must be for the plaintiffs."

And, at the instance of the defendant, the court instructed the jury as follows:

"The court instructs the jury that, when the said Ole Ellingson, deceased, went into the employment of the defendant and continued therein, he assumed and took upon himself the ordinary risk of danger of such employment; and, if the jury believe from the evidence in the case that the said deceased knew, or by the exercise of ordinary care upon his part could have known, that there was no switch light at the east end of the side track at Larrabee, and that it was dangerous to him to use said switch and side track at Larrabee without such switch light; that such danger was obvious and patent when he took upon himself the risk of being injured by reason of the absence of such switch light; and if you believe from the evidence in

the case that the death was occasioned by the absence of such switch light, then your verdict will be for the defendant.''

''The court instructs the jury that it is admitted that the deceased, Ole Ellingson, was, at the time he received the injuries from which he died, in defendant's employ as engineer on defendant's freight train, and that the said Ole Ellingson was injured in a collision between said freight train and one of defendant's passenger trains; and if the jury believe from the evidence that said collision was caused by the switch at Larrabee being turned, so that said passenger train ran upon the side track at said place, upon which side track defendant's freight train was standing, and that said switch was so turned by a brakeman in defendant's employ when said passenger train was so near said switch that defendant's servants in charge of said train could not thereafter, by the use of all the means in their power, have prevented said collision, then it is the duty of the jury to return a verdict for the defendant.''

There is no inconsistency in these instructions. The instruction for the plaintiffs tells the jury, in substance, that, if the sole cause of the accident was the absence of such switch light, and failure to provide it was a want of ordinary care of the part of defendant, the jury should find for the plaintiffs. The defenses, that the accident was brought about by a defect resulting in a danger well known to the decedent, and that the accident was due to the negligence of a fellow servant, were affirmative defenses, and within the rule laid down by the supreme court in *Schroeder v. Michel*, 93 Mo. 48, which states that, where affirmative defenses are brought to the attention of the jury in a form fairly qualifying the instructions complained of, the case should not be reversed simply because the plaintiff's

instruction does not mention them by way of exception. In the case at bar there was testimony tending to show that the switch must have been misplaced long before the accident. If so, the absence of the switch light was the primary cause of the accident. On the other hand, there was testimony tending to sustain the defendant's third instruction. Hence, while we can not approve of the form of the charge in this disjointed manner, we ought not, under the last ruling of the supreme court, treat it as reversible error.

The court refused the following instruction, asked by the defendant, and its refusal is assigned for error: "The court instructs the jury that, if you believe from the evidence in the case that said switch was turned by a trespasser or by the brakeman, Dyer, *with the intention of injuring the property of the defendant, or anyone in its employment, or any passenger on said passenger train*, then you will find a verdict for the defendant."

There was no evidence on which to base this instruction, and, hence, it was properly refused on that ground alone, and we need not enter into the further inquiry whether it states a correct proposition of law or not.

Finding no reversible error in the record, we affirm the judgment. All concur, Judge BIGGS in the result.