WINKLER, *Administrator*, *Appellant*, v. ST. LOUIS BASKET AND BOX COMPANY.

### Division One, February 9, 1897.

**Negligence**: RAILROAD: SERVANT'S ASSUMPTION OF RISK: OBVIOUS DANGER. Plaintiff, a railway employee, had been engaged for three years in operating a car with knowledge of the character of the brake in use and of the manner of using it. The brake was not in a defective condition, being a perfect one of its kind and the danger from using it was obvious. *Held*, that an injury received by the plaintiff in operating it was one of the ordinary perils of the service and a risk which he assumed.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*J. Hugo Grimm* for appellant.

(1) The trial court had no right to give a peremptory instruction for defendant at the close of the whole case on the ground that defendant's evidence conclusively established either want of negligence on its part or contributory negligence on the part of Louis Winkler. If defendant's evidence tended to show a different state of facts than that shown by plaintiffs, it was for the jury to say whether they believed defendant's witnesses, although plaintiff offered no evidence in rebuttal. In no event was the jury bound to believe any witnesses whether plaintiff's or defendant's. Hence, if the motion for a new trial was sustained on this theory the trial court clearly erred. *Schroeder v. Railroad*, 108 Mo. 322; *Wolff v. Campbell*, 110 Mo. 114; *Gregory v. Chambers*, 78 Mo. 298. (2) Assuming that defend-

ant's evidence did not in any wise help out plaintiff's case, the question is, did plaintiff's evidence make a case sufficient to entitle him to the opinion of the jury on the question of defendant's negligence, and his own freedom from contributory negligence. The action of the court in awarding a new trial because of the refusal to instruct peremptorily for defendant at the close of the entire case, would indicate that the trial court adhered to its ruling that plaintiff's evidence made a case entitling her to go to the jury. There was evidence of negligence on the part of defendant and no such evidence of contributory negligence as warranted an instruction of nonsuit at the close of plaintiff's case. *Buesching v. Gaslight Co.*, 73 Mo. 231; *Settle v. Railroad*, 127 Mo. 341; *Swadley v. Railroad*, 118 Mo. 268; *Hamilton v. Rich Hill Mining Co.*, 108 Mo. 374; *Mahaney v. Railroad*, 108 Mo. 201; *O'Mellia v. Railroad*, 115 Mo. 205; *Williams v. Railroad*, 109 Mo. 475; *Henry v. Railroad*, 109 Mo. 488; *Huhn v. Railroad*, 92 Mo. 440; *Soeder v. Railroad*, 100 Mo. 673; *Hughes v. Fagin*, 46 Mo. App. 42; *Nichols v. Crystal P. G. Co.*, 126 Mo. 66. (3) The evidence, which was practically undisputed, disclosed a state of facts from which reasonable persons might well draw different conclusions as to whether they proved negligence of defendant or contributory negligence on the part of Winkler, and therefore those questions were properly submitted to the jury. The jury without difficulty found defendant guilty of negligence and Winkler free from contributory negligence. *Norton v. Ittner*, 56 Mo. 351; *O'Mellia v. Railroad*, 115 Mo. 221; *Gratiot v. Railroad*, 116 Mo. 466; *Petty v. Railroad*, 88 Mo. 306; 2 Thompson on Trials, sec. 1665, and cases cited. (4) In this case, inasmuch as the original plaintiff has died, and in case the judgment is set aside the remedy against defendant is lost, the court will not allow a new trial for the sake

of vindicating technical precision, and at the expense of substantial justice. *Peck v. Dowell's Ex'r*, 40 Mo. App. 71.

*J. D. Johnson* for respondent.

(1) No rule of law is better settled than that a party can not declare upon one cause of action or state of facts and recover upon proof of another, and this rule has been repeatedly applied by this court and the courts of appeals of this state in cases involving charges of negligence. *Bohn v. Railroad*, 106 Mo. 429; *O'Brien v. Steel Co.*, 100 Mo. 182; *Ischer v. Bridge Co.*, 95 Mo. 261; *Current v. Railroad*, 86 Mo. 62; *Eden v. Railroad*, 72 Mo. 213; *Price v. Railroad*, 72 Mo. 414; *Waldhire v. Railroad*, 71 Mo. 514; *Buffington v. Railroad*, 246; *Conway v. Railroad*, 24 Mo. App. 235. (2) And where the facts are specifically alleged, as they are in the case at bar, the pleader will likewise be held to their proof. *Haynes v. Trenton*, 108 Mo. 123; *Harty v. Railroad*, 95 Mo. 368; *Gurley v. Railroad*, 93 Mo. 445; *Ravenscraft v. Railroad*, 27 Mo. App. 622; *Ellis v. Railroad*, 17 Mo. App. 130. (3) We submit that it appears from the whole evidence, without either qualification or contradiction, that the deceased was guilty of negligence which proximately caused his death. This being so, it was the duty of the trial court, in the first instance, to have taken the case from the jury, and the court but tardily performed that duty when it sustained the motion for a new trial. *Hudson v. Railroad*, 101 Mo. 13; *Webber v. Railroad*, 100 Mo. 194; *Schlereth v. Railroad*, 96 Mo. 509; *Milburn v. Railroad*, 86 Mo. 104; *Lenix v. Railroad*, 76 Mo. 86; *Powell v. Railroad*, 76 Mo. 80. (4) The evidence fails to show any defect or insufficiency in the brake appliance, either in its original construction or from want of repair. At most,

all that appears is that there was some danger in using it, unless reasonable care was observed; but whatever danger there was, was incident to the service deceased was employed to render, for the danger was not only obvious but perfectly well known to him. *Fugler v. Bothe*, 117 Mo. 475; *Thomas v. Railroad*, 109 Mo. 187; *Alcorn v. Railroad*, 108 Mo. 81; *Bohn v. Railroad*, 106 Mo. 429; *Cobey v. Railroad*, 86 Mo. 635; *Aldridge v. Midland, etc.*, 78 Mo. 559; *Price v. Railroad*, 77 Mo. 508; *Porter v. Railroad*, 71 Mo. 66; *Raines v. Railroad*, 71 Mo. 164.

MACFARLANE, J.—This suit was commenced by Emelie Winkler, as widow of Louis Winkler, to recover damages for the death of her husband on account of the alleged negligence of defendant. A trial resulted in a verdict for plaintiff which, on motion of defendant, was set aside for the reason, as given, "that the court refused to grant, at the end of the entire case, an instruction, as prayed by defendant, that, under the pleadings and evidence, the plaintiff was not entitled to recover." From this order plaintiff appealed. Pending the appeal said plaintiff has died, and the appeal is prosecuted in the name of her administrator.

Briefly told the facts are these: Defendant's factory was located about one thousand feet from the river. It had a rail or tramway from the factory to the river on which it ran a flat car for the purpose of conveying logs from the river to the factory. This car was about twelve feet long, six feet wide, and twenty inches high. The wheels were about eighteen inches in diameter. Four pieces of strong oak timber were securely bolted across the top of the car at regular intervals, and projected about eight inches beyond the outside of the car, and four inches beyond the wheels.

There was an incline downward from the factory to the river.

The car when loaded with logs was drawn from the river bank to the factory by means of a cable, one end of which was attached to the car and the other end to a drum at the factory, and the car was drawn up by steam power. It was carried back to the river by its own momentum. For the purpose of regulating the speed of the car when going down grade defendant had provided a piece of timber or shaft five feet long and four and one half inches thick at one end, and tapering to two inches thick at the other end. At the thick end of this shaft a block twelve inches long and three inches thick was securely nailed, and this was covered with a leather shoe. The shaft extended beyond the block about six inches.

The brake was used by putting the block end in a slanting direction between the right fore wheel and the projecting end of the cross timber, immediately in front of and above the wheel, until the shoulder on the end and upper side of the shaft caught against the end of the cross timber, and by then pressing down on the handle of the shaft, so as to press the leather shoe against the face of the wheel.

Louis Winkler had been employed to assist in operating this car for three years, during which time this character of brake had been constantly used. The brake in question was made by him.

On the day of Winkler's injury and death he and three others were engaged in loading and operating this car. Winkler was, and for eighteen months had been, foreman in this work.

In returning the car from the factory to the river deceased was sitting on a coil of rope at the front end of the car. A wheelbarrow was run onto the track in front of the car, which made stopping or checking its

speed necessary.   Winkler, who was most convenient, undertook to use the brake shaft.   He placed the small end under his arm, and the block end he attempted to apply to the wheel in the usual manner, but, for some reason not explained, the upper end of the shaft was suddenly thrown upward and Winkler was pitched over the end of the car, and was run over and killed.

The negligence charged in the petition is that "defendant failed and neglected to supply said car with a proper and suitable brake, which could be used with safety to stop said car, should it become necessary to do so; but defendant, instead of supplying said car with a suitable brake, provided a handle of wood about five feet long upon which a block was attached, and which could be used for the purpose of stopping said car or braking its wheels only by reaching over the side of said car, and pressing said block firmly against one of said wheels."

The answer in effect charges that the death of plaintiff's husband was caused by a risk which he assumed when engaging to do the work.   Contributory negligence was also charged.

We are of the opinion that the court ruled correctly in setting aside the verdict of the jury for the reason given.

Deceased engaged in the service of the defendant, and continued therein for three years with perfect knowledge of the character of the brake in use, and of the manner of using it.   The danger was incident to the very work he was employed to do.   The risk was as well known to him as to defendant.   By his contract of employment he undertook to manage the car with the brake in use, and assumed the risk of injury therefrom.   The danger was perfectly obvious, and the possibility of injury therefrom entered into the contract of employment.   There was no question of

defective appliances in the case. The brake was perfect of its kind, such as deceased had used for three years.

But, it is said, a servant does not assume the risks of injury arising from the negligence of the master. This is true as a general proposition. But a master, as between himself and his servant, has the right to adopt his own mode of conducting his business, and to select the instrumentalities to be used therein; he can not be charged with negligence by the servant for the reason alone that a safer mode might have been adopted or less dangerous appliances might have been employed. When a servant knows the dangers he has to encounter, and still engages in the service, he has no ground for complaint if he receive injuries from such dangers.

The rule in respect to the liability of the master for an injury to his servant, caused by defective appliances, has no application to the facts of this case, for there were no defects in the brake in question.

To sum the whole matter up, deceased was doing the very work he was employed to do, and was using the kind of brake he impliedly agreed to use. His injury resulted from one of the ordinary perils of the service, the risks of which he assumed. *Gleeson v. Mfg. Co.*, 94 Mo. 206; *Taylor v. Railroad*, 86 Mo. 463; *Price v. Railroad*, 77 Mo. 511; *Williams v. Railroad*, 119 Mo. 322. The judgment is affirmed. All of this division concur, BARCLAY, P. J., in the result.