ANDREW PLEFKA, Respondent, v. KNAPP-STOUT LUMBER COMPANY, Appellant.

72 309
r145s 316

St. Louis Court of Appeals, November 23, 1897.

**Negligence:** EVIDENCE: JURY QUESTION. In an action for personal injuries received by plaintiff while engaged in piling lumber for defendant, alleged to have been caused by defendant's negligent direction to him to operate an unsafe lumber hoister, where plaintiff's evidence tended to show that a shoe, provided to prevent the lumber from slipping out while it was being raised by the movement of a crank provided for that purpose, was removed by defendant's express order, thereby increasing the danger of using the machine, of which removal plaintiff had no knowledge, nor any information whether such a shoe was an essential part of the proper construction of the machine, was evidence of culpable neglect on the part of defendant sufficient to entitle plaintiff to go to the jury.

*Appeal from the St. Louis City Circuit Court.*—HON. SELDEN P. SPENCER, Judge.

AFFIRMED; Judge BLAND concurring, Judge BIGGS dissenting.

*Certified to Supreme Court.*

*Pollard & Werner, W. Palmer Clarkson* and *Rowell & Ferris* for appellant.

Where the defects of appliances are obvious to the sense of any man, whether master or servant, the servant assumes the risk. *Wray v. E. L. & W. P. Co.,* 68 Mo. App. 380; *Marshall v. Hay Press Co.,* 69 *Id.* 256–261; *Fugler v. Bothe,* 117 Mo. 473; *Steinhauser v. Sprawl,* 127 *Id.* 541.

Where the testimony of witnesses is confronted by admitted facts and circumstances, which are totally repugnant to and entirely inconsistent with it, then such testimony must give way and be counted for naught. *Wray v. E. L. & W. P. Co., supra.*

*Sturdevant & Stear* for respondent.

The rule that one capable of selecting and contracting for himself, who voluntarily enters into an employment with full notice of its dangers, will be held to have assumed the risks of injury ordinarily incident to such employment, does not apply where the risk is known to the master, or, by the exercise of ordinary care, could be known to him, and is not known by the servant. *Conroy v. Iron Works*, 62 Mo. 35; *Huhn v. R. R.*, 92 *Id.* 440; *Hamilton v. Mining Co.*, 108 *Id.* 364; *O'Mellia v. R. R.*, 115 Mo. 205; *Stephens v. R. R.*, 96 *Id.* 207; *Holloran v. Iron & Foundry Co.*, 133 Mo. 476; *Benham v. Taylor*, 66 *Id.* 312; *Warner v. R'y Co.*, 62 Mo. App. 190; *Mahaney v. R'y*, 108 *Id.* 201; *Beard v. Car Co.*, 63 Mo. App. 382; *Soeder v. R. R.*, 100 Mo. 673; *Settle v. R. R.*, 127 *Id.* 336; *Helfenstein v. Medart*, 136 *Id.* 595; *Donahoe v. Kansas City, Id.* 657.

It is only where the defect is so glaring that with the utmost care and skill the danger is still imminent, so that none but a reckless man would incur it, the servant assumes the risk. *Conroy v. Iron Works, supra; Stephens v. R. R., supra; Schroeder v. R. R.*, 108 Mo. 322; *Manahan v. Co.*, 58 Mo. App. 68; *Beard v. Car Co.*, 63 *Id.* 382.

Even if the employee knew of the defect in the machine, yet he did not know the danger to which it subjected him, but the foreman or boss did know it or could have known it had he done his duty, the master is liable. *Akerson v. Dennison*, 117 Mass. 407; *Ellingson v. R'y*, 60 Mo. App. 679; *Donahoe v. Kansas City, supra; Sullivan v. R'y*, 107 Mo. See, also, *Huhn v. R'y*, 92 Mo. 440, and citations; *Soeder v. R'y, supra.*

Where the master himself is guilty of negligence, and knowingly provides his servant with a defective

appliance, and puts him to work at it, the servant in entering the employment does not assume the risk of dangers arising from such neglect of the master. *Settle v. R'y*, 127 Mo. 343; *Helfenstein v. Medart*, 136 *Id.* 614. See, also, *Boyce v. Fitzpatrick*, 80 Ind. 526.

The question, whether continuing in the service after knowledge of danger arising from a defective appliance will defeat the servant's action, is properly a question of contributory negligence, and should be submitted to the jury. *Coontz v. R'y*, 115 Mo. 669; *Hamilton v. Rich Hill Min. Co.*, 108 *Id.* 376; *O'Mellia v. R'y*, 115 *Id.* 220, 221. See, also, *Settle v. R'y*, 127 Mo. 344; *Thorpe v. R. R.*, 59 *Id.* 650; *Schroeder v. R. R.*, 108 *Id.* 322; *Donahoe v. Kansas City, supra; Soeder v. R. R.*, 673.

When the undisputed facts relied on to establish contributory negligence are such as may, in the judgment of sensible men, lead to different conclusions, the question should be submitted to the jury. *Petty v. R'y*, 88 Mo. 306; *Threlkeld v. R'y*, 68 Mo. App. 131; *Wentworth v. Duffy, Id.* 516.

BOND, J.—Plaintiff recovered a judgment for $2,500 for personal injuries, resulting in the amputation of his foot and ankle, which he alleges were caused by the defendant's negligent direction given him as servant, to operate an unsafe lumber hoister. Defendant appealed to this court and assigns for error the refusal of the trial court to direct a judgment in its favor. It follows that if any view of the entire evidence affords a legitimate inference of negligence on the part of defendant, such assignment can not be sustained. *Lee v. Knapp*, 137 Mo. 385. Or, as this rule has been well expressed in a recent case before the English House of Lords, "the judge has a certain duty to discharge, and the jurors have another and different duty. The judge

has to say whether any facts have been established by evidence from which negligence *may be* reasonably inferred; the jurors have to say whether from these facts submitted to them negligence *ought to be* inferred." *Railroad v. Jackson*, 3 Eng. App. Cas. 193.

According to the evidence adduced by plaintiff, he is an illiterate foreigner about forty-eight years of age, engaged in farming in Bohemia until about two years ago, when he came to this country, whose language he has not yet acquired, and where he has been a tin peddler and teamster until about four months before the accident complained of, when he was hired by defendant to work in its lumber yard, his general duties being to pile lumber; that while so engaged he had for about two hours at a time on fourteen days before the injury turned the crank of the lumber hoister provided by defendant for the purpose of raising lumber when the piles were too high to be handled manually; that this contrivance is properly provided with a shoe to prevent the lumber from slipping out while it is being raised by the movement of the crank; that on the day of injury to plaintiff this shoe was not on the hoisting machine, having been removed by defendant's order to be repaired; that plaintiff had no knowledge of such removal, nor that the shoe itself was a proper attachment to the machine; that he had never observed it at any of the times while he was operating it; that his main duties were to pile lumber by the hand, and not to turn the windlass of the hoister. At the time of the accident eight boards had been successfully raised; that when the ninth board, about fourteen feet long, had been carried half the length of the hoister, it slipped out and fell to the ground and rebounded upon plaintiff's foot, causing the injuries sued for. The hoister is two feet wide and eighteen or twenty feet long, with side

*Marginal note:* NEGLIGENCE: evidence: jury question.

pieces running its full length to prevent the lumber, which is drawn up the incline, from falling to the right or left. When in position it is placed at a slight angle against a high pile of lumber. To hoist lumber in this machine a contrivance is placed therein consisting of an iron carriage about one foot long, two inches wide, and projecting four to six inches horizontally, to which projection a block of wood with a lip rising about one inch vertically at its outer edge was fastened by a nut and bolt. This attachment is called the shoe. The machine is operated by a rope running over a pulley at the top and thence down to a windlass turned by a crank at its base.

It is argued by appellant that the observable absence of the shoe and the apparent increase of risk thus occasioned, exclude every inference to the contrary and make this a case of risk and danger voluntarily assumed by the servant. This position can not be maintained. The law of master and servant is one of reciprocal rights and duties. The master is obliged to exercise reasonable skill and diligence in providing his servant with safe appliances and a safe place to work. The servant assumes the risks naturally incident to his employment under these conditions, and is bound to exercise reasonable care for his own safety. In the case at bar plaintiff's evidence tends to show that the danger of using the machine was increased by the express order of the master directing the removal of the shoe; that plaintiff had no knowledge of this act of the master, nor any information whether such a shoe was an essential part of the proper construction of the machine.

According to the evidence for plaintiff the status of affairs as they existed when he was told to work the windlass on the day of the accident presented a case where the evidence tended to show that a servant was

required to work a machine not in a condition of reasonable safety. That this happened by the command of the master, and presumably with knowledge of its defect, was evidence of culpable neglect on his part sufficient to entitle the plaintiff to go to the jury, unless it can be conclusively shown that in doing the work which he was bidden the plaintiff's own negligence became the proximate cause of the accident. Such an inference is not the only one which can be legitimately drawn from the evidence. On the contrary the evidence under review fairly tends to prove that plaintiff's mishap occurred by the use on his part of the machine in ignorance of the removal of the shoe, in the same state which he had always seen it, and in the same condition in which he had known it to be used with safety. It is evident, therefore, that it can not be said as a necessary legal conclusion that plaintiff knew both the defect in the machine and the immediate danger to be encountered in its use, or that he might not have reasonably supposed that the work in question might be safely performed by the use of care and caution. That such is the law in this state, is too well settled for comment. See instruction 5 for plaintiff, affirmed in *Helfenstein v. Medart*, 136 Mo. *loc. cit.* 607; see *Ibid*, p. 619, where *Fugler v. Bothe* is explained in accordance. *Holloran v. Iron & Foundry Co.*, 133 Mo. *loc. cit.* 477; *Settle v. R'y*, 127 Mo. 336; *O'Mellia v. R'y*, 115 Mo. 205; *Parker v. R'y*, 108 Mo. 364; *Beard v. American Car Co.*, 63 Mo. App. *loc. cit.* 390, and citations. There was ample evidence in the record justifying the submission of the issues in this case, and the verdict and judgment rendered in accordance will be affirmed. Judge BLAND concurs; Judge BIGGS dissents, and deeming the opinion opposed to the following cases: *Helfenstein v. Medart, supra; Fulger v. Bothe, supra; Bradley v. R. R.,*

S. W. Rep. April 27, 1897; *Lucey v. Hannibal Oil Co.*, 129 Mo. 32; *Wray v. E. L. & W. P. Co.*, 68 Mo. App. 380; *Devitt v. R. R.*, 50 Mo. 302; *Ellingson v. R'y*, 60 Mo. App. 679, asks that this case be certified to the supreme court, which is accordingly done.